* Parker, C. J.,
delivered the opinion of the Court. [ *398] Several questions, intended to have been settled ni this action, appear to be superseded by the fact introduced into the report of the judge-, by consent of the parties, at the present term ; namely, that no letters of administration upon the estate of Abraham Burrell *348 bad been prayed for or granted ; but that the same estate remains to this day wholly unadmmistered and unsettled.
Had this fact appeared at the trial, it is probable the plaintiff would have been nonsuited ; as it is very clear, that the action against the heirs cannot be maintained, while the right to take out letters of administration remains open.
Whatever may be the liability at common law of an heir, upon a covenant made by his ancestor, we are persuaded, that, by our statutes for the distribution and settlement of intestate estates, such liability is but contingent and eventual ; depending upon the inability of the creditor, from the nature of his claim, to procure satisfaction during the existence of an administration.†
The executor or administrator, by our laws, has the whole control of the real as well as personal estate of the deceased, under the regulations of the probate office, so far as may be necessary to raise a sufficient fund to pay all the just debts. Upon application to the courts of common law, the whole estate, into whose hands soever it may have, fallen, may be sold for that purpose ; the lands of a de ceased debtor being by law bound for the payment of all his debts.(1)
In order to expedite the settlement of estates, as well as to relieve executors and administrators from vexation and uncertainty, the term of four years is limited, within which all creditors, whose debts are due and payable, must present their claims or be for ever barred.(2) Those debts which are due, but not payable within the four years, may be filed in the probate office ; and the executor or administrator may retain assets sufficient to discharge them when [*399] they become due; unless the heir will * take upon himself the payment and give security therefor, in the mannei prescribed by the statute.
But there may be other demands, neither due nor payable during the liability of the executor or administrator ; such as covenants and contracts not broken, but which may afterwards be broken. The provision for these is, that an action may be brought upon them against those who inherit the estate, within one year from the time of the actual accruing of the right of action.
It is obvious, that, in making this provision, the legislature contemplated an expiration of the duty of the executor or administrator; and for that reason gave the action directly against the heir. It is also clear, that, where the right of action accrues within the four years from the time when notice of the administration is given, no action will lie against the heir ; it being the general policy of our laws *349 to secure the settlement of all estates in the probate office by the administrator.†
The present case shows, indeed, that there is no person against whom the plaintiff can maintain his action, if not against the heirs. But it also shows that such person may be created, on application by the plaintiff’ himself, as a creditor, to the judge of probate. Administration may be granted within twenty years from the death of ihe intestate.‡ The creditor may himself take out letters of administration, if the kindred of the deceased refuse. His personal estate may be collected ; and, for aught that appears, it may be sufficient to satisfy this demand without disturbing the heirs in their possessions. If not, so much of the real estate as is necessary may be sold. This process is more simple, more convenient, and less prejudicial to es tales, than the bringing of suits against heirs or devisees ; who may be interested in different proportions, and the exact extent of whose liability it may be difficult to ascertain.
We are all clearly of opinion, that, as administration may still be granted upon the estate of Jibraham Burrell, the contingency upon which the heir is liable has not happened, and therefore the verdict in this case must be set aside, and the plaintiff be called.

Plaintiff nonsuit.

 Howes vs. Bigelow, 13 Mass. Rep. 384.

 Stat. 1783, c. 36, § 3.

 Stat. 1788, c. 66, §§ 3,4,5; 1791, c. 28

 The reasonableness of this law is questionable.

 There seems to be no good reason for the provision of our law limiting the grant ing of original letters of administration to twenty years.