## Joseph Hall, Judge &c. *versus* Josiah Bumstead *et al.*

In an action against an heir, the plaintiff must bring himself strictly within *St* 1788, *c.* 66, and the declaration must show, that administration has been taken out on the estate of the ancestor, that the demand was not due, and payment of it could not have been claimed and enforced, within four years after the grant of administration, and that the action was brought within one year after payment of the demand could by law be enforced.

The fact of the plaintiff's having been under the disability of infancy during the time that the estate of the deceased was under administration, will not prevent his claim from being barred by the lapse of the four years.

Whether an action accruing on the contract of the ancestor can be maintained against his heirs jointly, *quære.*

This was an action of debt brought by the judge of probate for the county of Suffolk, against the defendants as heirs of Jeremiah Bumstead. The writ was dated June 20, 1835.

The declaration avers, that on March 20, 1820, Jeremiah Bumstead, being then in full life, and whose heirs the defendants are, by his writing obligatory, sealed with his seal and here in court to be produced, bound himself and his heirs for the payment of 1500 dollars to Thomas Dawes, judge of probate &c., his successors or assigns ; that Dawes is deceased and the plaintiff is his successor in the office of judge of probate ; that the obligor died, and his estate was administered more than four years since, to wit, nine years ; that the obligor never paid the same sum to Dawes, nor to the plaintiff, and that the defendants have not, nor either of them, though requested on June 15th, 1835, ever paid the same. To this declaration there was a general demurrer.

*March 26th, 1836.*

S. *Hubbard* and *Atwood*, argued in support of the demurrer. *Aylwin and Paine*, for the plaintiff.

*April 5th, 1836.*

Shaw C. J. delivered the opinion of the Court. Upon this record it does not appear, on what occasion this bond was given, nor upon what condition, nor in what capacity, whether as principal or surety, nor is it averred that the debt was not paid by the executor or administrator of the obligor ; but more especially, it is not averred that the cause of action did not accrue or exist in the lifetime of the ancestor, or before

the close of the administration on his estate. For aught that appears, the action accrued upon the making of the bond.

In this Commonwealth, the liability of heirs for the debts of an ancestor, depends wholly upon statute, and is provisional only. By the statute, heirs, when bound at all, are liable, whether heirs are named in the obligation or not ; so they are liable, as well for debts by simple contract, as for specialty debts ; so devisees are liable, as well as heirs, to the extent of the property received by devise ; so legatees or distributees of personal property, are liable, as well as those who take a freehold by descent ; in all which respects, this statute liability differs from the liability of heirs at common law. Here, it is the policy of the law to make all property liable for all the debts of the deceased owner, and in the first instance to place it under the administration of an executor or administrator ; and in pursuance of the same policy, land is made assets provisionally in the hands of the administrator, after the personal property is applied. The rule of the common law, making the specialty debt of the ancestor *de facto* that of the heir, and presuming that the heir has assets until he shows the contrary by plea, does not prevail in this Commonwealth.

As heirs are liable only in case of an administration, and after the term of four years has expired, and then only for demands on which no cause of action accrued till after the lapse of four years, (*Royce* v. *Burrell*, 12 Mass. R. 395 ; *Webber* v. *Webber*, 6 Greenl. 127,) it is necessary for the plaintiff, in a suit against an heir, to show by his declaration, that his case is within the statute, and for that purpose to set out the condition and aver such a breach as to show a cause of action, accruing after administration on the estate of the ancestor closed.

It was argued in support of the declaration, that as the statute creates a liability, any provision in the statute, which tends to limit or restrain it, must be shown by way of defence. But this seems not well founded. It is not enough to aver that the defendant's ancestor did make a bond, and that the defendant is his heir, because upon these facts the law founds no liability. It is only in case there has been an administration, that administration closed by lapse of time, and

a cause of action accrued after such lapse of time, that the law imposes any liability. These facts are therefore conditions precedent and must be averred affirmatively by the plaintiff, before the defendant can be called upon to answer.

After the foregoing decision the plaintiff, by leave of Court, amended his declaration by striking out the former count and inserting a new count ; in which he sets out the bond and the condition, by which it appears that the bond was given to the judge of probate on March 20, 1820, by James Child as principal, and Jeremiah Bumstead as surety, on the appoint ment of James Child as guardian of Martha Sigourney Child, and was conditioned for the faithful performance of his duty as such guardian. The plaintiff avers, that at a Probate Court held on June 2, 1823, the guardian presented his second account for allowance, in which he was charged with a balance of $562·27, and that the account was allowed ; that afterwards Dawes died and the plaintiff became and is his successor as judge of probate ; that Jeremiah Bumstead afterwards died intestate, leaving a large estate, exceeding the amount of the penal sum of the bond, and that the same has since been administered, and that more than four years, to wit, nine years, have elapsed ; that the guardian is also deceased, and that he died without rendering any further account of the balance above mentioned ; that afterwards, at a Probate Court held on May 11, 1835, upon a complaint made to the plaintiff in his capacity of judge of probate, and upon due citation to the defendants as heirs at law of Jeremiah Bumstead and inheriting his estate, and to Josiah Bumstead his administrator, to account for and pay over such balance of the guardianship account, they appeared to answer thereto ; that the subject was continued by successive adjournments to a Probate Court held on June 15, 1835, on which day the defendants were, by a decree of the judge, required to account for and pay over such balance, but they have neglected and refused to perform the decree, although the said balance was never paid over by the guardian in his lifetime, nor has the same been accounted for by any one since ; by reason whereof the bond became forfeited, and an action thereby

then and there first accrued to the plaintiff in his said capacity, to demand and have the aforesaid sum of 1500 dollars from the defendants, who are the heirs at law of the said Jeremiah deceased, and inherited his estate, and within one year thereafter, to wit, on the 20th of the same month of June, the plaintiff, in his said capacity, brings this action to recover the said sum &c. To this declaration there was a general demurrer

*S. Hubbard* and *Atwood*, in support of the demurrer, argued that a joint action against the heirs, could not be sustained ; that the declaration does not show any breach of the bond, inasmuch as it does not aver that the guardian or his administrator had ever been called upon to pay over the balance before mentioned or to settle any further account, and without a malfeasance or misfeasance on the part of the guardian or his representatives, his surety is not liable ; that the plaintiff must bring his case strictly within the *St.* 1788, *c.* 66, and he should therefore have averred that payment of the demand could not have been enforced against the administrator of Jeremiah Bumstead, within the four years during which a creditor is permitted to demand payment of an administrator. *Royce v. Burrell*, 12 Mass. R. 395 ; *Hutchinson v. Stiles,* 3 N. Hampsh. R. 404 ; *Webber* v. *Webber*, 6 Greenl. 127.

*Aylwin* and *Paine*, for the plaintiff. It appears by the declaration, that the defendants were lawfully cited to settle a guardianship account in the Probate Court ; *Baylies* v. *Curtis*, 1 Pick. 198 ; that this was long after the administration on their ancestor's estate was closed ; that by the decree of that court they were required to account for and pay over the balance found due ; that they refused to perform the decree ; and that the bond then became forfeited. And the action then first accrued. There may have been previous breaches of the bond, but this was a new cause of action ; and the objection therefore, that it does not appear that the demand could not have been enforced against the administrator of Jeremiah Bumstead, is without foundation.

SHAW C. J. delivered the opinion of the Court. One of the questions very fully considered in the argument at the bar, both on the present and the former occasion, was, whether the action could be maintained against the several defendants,

Hall
*v.*
Bumstead.

*April 8th,*
1837

*March 1st,*
1838

heirs of Jeremiah Bumstead, jointly. But from the view we take of other parts of the cause, it will not be necessary to give any opinion upon this question.

It has already been stated in a former stage of this cause, that by the policy and provisions of our laws, the remedy of a creditor upon the heirs or devisees of a deceased person, is extremely limited. Every demand which can be made and enforced against the estate of a deceased person, is to be pursued against the administrator where it can be done, and the whole estate, personal and real, is in effect made assets in his hands to meet such claims. This object is one of great importance, by securing as far as practicable, an early and final settlement of estates, so that the residuum may be distributed among those entitled, free of incumbrances and charges, which would lead to protracted litigation. To enforce this policy, it is provided, (*St.* 1788, *c.* 66,) that all suits against executors and administrators must be commenced within four years from notice given according to law, and not afterwards. This is an absolute bar, given not for the benefit of the executor or administrator, which he may waive, but for the benefit of heirs and devisees, that they may hold their respective interests in the property, without claim or incumbrance. Still it may sometimes happen, that outstanding contracts against a deceased person are so situated, that no claim can be effectually made, within four years. This is most commonly the case with covenants of warranty, where there is no eviction or ouster, until after administration on the estate of the covenantor is closed. The statute provides, (§ 4,) that when any certain demand against the estate of any person deceased arising from covenant, contract or agreement, shall commence and be in force, after the said term of four years, and which could not be claimed until after the said term, in such case the claimant may file the same in the probate office, and by § 5, where any such demand could not be claimed until after the said term of four years, such covenant, contract or agreement not being in full force during said term, the claimant may have his remedy against those who inherit the estate of such person, or devisees thereof, if such claim be made within one year from the time of its becoming due.

In order to have this action therefore, against heirs, two things must appear ; first, that the claim could not have been made and successfully and legally enforced, until after administration closed ; and second, that the action is brought within one year after the claim becomes due.

To fulfil the first condition, it must appear that there has been an administration, because if there has not, the course is to take out administration ; and the condition upon which the statute gives the remedy against the heir, does not exist. *Royce* v. *Burrell,* 12 Mass. R. 395.

It must also appear, that the demand was not due, and the claim could not have been made until the administration has closed. It is not enough that a mere formal right of action accrues by an act done after the four years. If the demand might have been made, and thereupon an action would have accrued, before the expiration of the four years, then it might have been brought against the administrator, and will not lie against the heir. For instance, it has been held that a factor is not liable to an action at the suit of his principal, till demand of an account made. *Clark* v. *Moody,* 17 Mass. R. 145 ; *Topham* v. *Braddick,* 1 Taunt. 575. Suppose a factor liable to account dies, and administration taken on his estate, four years elapse, and no demand made, and then a demand made on the heir. It is very clear, that no action would lie against the heir. It is not the mere accruing of a formal right of action, but the exertion of a claim, which upon a suitable demand would have given a cause of action.

To apply these principles to this case. It has before been stated, that to enable a plaintiff to maintain an action against an heir, he must aver enough in his declaration, to show a compliance with the statute, on which alone he can rely. He must therefore show a demand which could not have been made and enforced by action, before the close of the administration. By this declaration it appears that the bond was given in 1820 upon the appointment of James Child as guardian to Martha S. Child, an infant under fourteen years of age. It then alleges a settlement of a guardianship account in 1823, by which there appeared a balance in the hands of the guardian of about $500. It then avers that J. Child died, without

Hall
*v.*
Bumstead.

saying when, that Bumstead died, and that in 1835 a demand for an account was made on the heirs of Bumstead, by which it is averred that a cause of action accrued, and that a suit was brought within one year from that demand. But there is nothing to show, that this demand might not have been made and enforced, before the close of the administration on Bumstead's estate. If James Child died, or if the ward came of age in his lifetime, in either event she became entitled to have the balance in the hands of her guardian paid on demand. In the former case, payment could be enforced by the appointment of a new guardian to act for her, and in the latter, in her own right. It is highly probable from the lapse of time, that one or the other of these events did take place ; but whether so or not, the plaintiff must show affirmatively, that no such right to claim the balance did exist, till after the administration closed. This is not shown. On the contrary, the argument implies, that the amount might have been demanded before it was demanded, because it is said, that there may be successive breaches on successive demands, and that a new cause of action arises on each breach. But this cannot be so ; it must be shown, not merely that there was a formal demand of an account, or citation into the probate office, which was not complied with, but that there could have been no citation, before the expiration of the four years

We think it would make no difference, if it should appear that the ward was under the disability of infancy, during the whole or part of the time that the estate was under administration. No such disability has ever been allowed, as an avoidance of this statute ; on the contrary, the lapse of time under this statute, has been regarded as an absolute bar to all claims. And we think it is right that it should be so. If the guardian died, whilst the ward was still under age, a new guardian could have been appointed in the mode provided by law, to look after her property in the hands of the former guardian, and to claim it of the surety, if the principal made default or proved insolvent. As it does not appear by this declaration, that this claim could not have been made before the administration closed, the action against the heirs cannot be maintained.

*Judgment on the demurrer for the defendants*