MOSES S. SAMPSON, Executor, *vs.* ELLA SAMPSON.

*Right to recover debt of heir, under Public Laws of 1872, c. 85, § 16.   Statute of limitations.*

Elisha T. Sampson, the defendant's father, gave to the plaintiff's testator a note payable in instalments after the payee's death,—with the right reserved to anticipate payments,—and died intestate before the payee, having paid upon the note two sums, indorsed generally, the aggregate of which was sufficient to fully pay the interest and first instalment. Administration was duly taken upon his estate. The second instalment did not become

payable until after the expiration of the period limited for the commencement of actions against executors and administrators. The note was not filed in the probate office. The defendant has received, as heir of her father, more than enough to cover this instalment of the note. *Held,* that the plaintiff could maintain an action against the defendant, as heir, under Public Laws of 1872, c. 85, to recover her proportional part of this second instalment.

The statute of limitations in force when the remedy is sought, and not that existing when the contract was made, must govern the remedy.

It is competent for the legislature to shorten the period of limitation of actions upon contracts, provided sufficient time is allowed for bringing suits upon existing claims, by the exercise of reasonable diligence, before the new enactment bars such claims.

ON FACTS AGREED.

ASSUMPSIT upon a note of this tenor:

"HARTFORD, ME., March 31, 1861.

"For value received of Moses Sampson, I promise to pay him, or bearer, one thousand dollars, to be paid as follows; one third part in one year, one third part in two years, one third part in three years from the death of the said Moses Sampson, reserving the right of paying in advance upon the following conditions;—interest to be paid or allowed on all sums paid before the death of said Moses Sampson from the date of payment to the time of his death, and whatever remains unpaid after his death shall draw interest after until paid.  ELISHA T. SAMPSON."

There were two payments indorsed upon the note; one, April 8, 1864, of three hundred dollars; and the other of one hundred dollars, upon the twenty-second of the same month. The defendant is a daughter and heir of the maker of the note, who died intestate, January 2, 1869. Administration was taken upon his estate at the March term, 1869, of the probate court, and notice thereof given within three months. No cause of action accrued upon the note within two years after such notice, nor was the note filed in the probate office within that time. The plaintiff is the executor of Moses Sampson, the payee, who died April 5, 1871. Elisha T. Sampson left real estate worth two thousand dollars to his four children.

R. S., c. 87, §§ 11 to 16, inclusive, relating to actions against executors and administrators were amended by the corresponding sections of Public Laws of 1872, c. 85. As thus amended, R. S., c. 87, § 14, provides that where a creditor holds a claim against the estate of a deceased person, upon which no action accrues within two years after notice of his appointment given by the administrator, it may be filed in the probate office, and sufficient assets retained by the administrator to pay it when due, unless the heirs give bond to meet it at maturity. The sixteenth section is this: "When such claim has not been filed in the probate office within said two years, the claimant may have remedy against the heirs or devisees of the estate within one year after it becomes due, and not against the executor or administrator."

*Alvah Black*, for the plaintiff.

The action is properly several against each heir. *Howes* v. *Bigelow*, 13 Mass., 384.

*J. P. Swasey*, for the defendant.

BARROWS, J. This action is brought to recover of the defendant, as heir at law of Elisha T. Sampson, her proportional part of a balance remaining due upon the second instalment of a note given by said Elisha T. Sampson, March 31, 1861, to his father, Moses Sampson, the plaintiff's testator, for one thousand dollars, payable in three instalments falling due respectively in one, two and three years after the death of the payee. The payee died April 5, 1871. In pursuance of stipulations in the note under which the promisor was to be entitled to interest during the lifetime of the payee upon such payments in advance as he might make, Elisha T. Sampson paid in April, 1864, as appears by two indorsements, the sum of four hundred dollars, which with the interest that accrued upon it amounts to about five hundred and sixty-six dollars.

Elisha T. Sampson died intestate, January 2, 1869, leaving real estate valued at about $2000, which descended to the defendant

Sampson *v.* Sampson.

and three other children.   An administrator was appointed upon his estate in March, 1869, who, within three months next after, gave the notice of his appointment required by law.   The note was never filed in the probate office and no right of action accrued upon it until more than two years after the administrator of E. T. Sampson gave notice of his appointment.

This suit was brought in August, 1873, and the above are the essential facts alleged in the writ, and confirmed by the agreed statement.

It is manifest that the inclination of the courts both in this and the parent State of Massachusetts, whence our statute provisions touching the matter are mostly drawn, has been so to construe these provisions as to make the liability of the heir for the debts, covenants and contracts of the ancestor only contingent and eventual, depending upon the absolute inability of the creditor or claimant, on account of the nature of his claim, to obtain satisfaction through legal process while the estate was under administration, or while the power to compel administration remained. *Royce* v. *Burrell*, 12 Mass., 395; *Hall* v. *Bumstead*, 20 Pick., 2; *Webber* v. *Webber*, 6 Maine, 127.   In the latter case, Mellen, C. J., quotes approvingly certain dicta in *Royce* v. *Burrell* favoring the idea that a distinction may be made, between debts due but not payable within the period of limitation of suits against executors and administrators, and claims neither payable nor due during such period of liability, such as covenants and contracts not then broken but which may be subsequently broken—intimating that debts of the former class must be filed in the probate office pending the administration, and that it is only for those of the latter class that suits may be maintained against the heir.

Conceding the propriety of such legislation as would require a creditor having a claim not yet payable, but still subject to no contingency, to take steps to secure it from the estate before it is divided and passes into the possession of the heirs, we are nevertheless of the opinion that our statutes as they stand cannot be so construed.   It is beyond the power of judicial construction to hold

that §§ 14, 15 and 16 of c. 85 of the laws of 1872 compel a creditor whose action does not accrue within the period of limitation to file his claim in the probate office upon pain of losing his remedy against the heirs.

It is not the mere existence of a debt *solvendum in futuro*, but of a right of action within the two years for the recovery of such debt, which would defeat the claim against the heir, as the legislature have seen fit to frame the statute. Taken together, these sections must be held to authorize the maintenance of a suit against the heir or devisee in all cases where an action does not accrue against the estate in season to avoid the limitation bar, and the claim has not in fact been filed in the probate office so that the creditor might either have a remedy against the heirs upon a bond to respond, or have his right of action against the executor or administrator extended until after the claim becomes due. The word *due* in § 16 must be held to be synonymous with *payable*. The true doctrine seems to be that in any case where an action accrues before the expiration of the period of limitation and might be maintained upon the demand against the executor or administrator by taking the proper legal steps, the heir is not liable; but where the action does not thus accrue, the creditor has the option either to file his demand in the probate office, or resort to a suit against the heir, to be brought within a year from the time when his claim becomes due or payable.

The question in the present case is whether an action accrued upon the claim here sued before the expiration of the time in which suit might be brought against the administrator of Elisha T. Sampson.

Under R. S. of 1857, c. 87, § 12, the term limited was four years from the giving of the notice of his appointment by the administrator. If this statute had remained in force, according to the agreed statement, this time would have expired in June, 1873, and thus a right of action for this instalment accrued within the term, which would have been a bar to the maintenance of this suit against the heir.

Sampson *v.* Sampson.

But by c. 9, of the laws of 1869, as amended by c. 113, § 23, of the laws of 1870, a creditor was required to present his claim against the estate of a deceased person to the executor or administrator in writing and demand payment thereof at least thirty days before commencing an action and within two years after notice is given by the executor or administrator of his appointment—in default of which no action could be maintained. R. S., c. 87, § 11, embodies this requirement and adds to it, in notable inconsistency with §§ 13, 14 and 16 of the same chapter, that no suit thus brought since February 3, 1869, shall be maintained unless the action is commenced, as well as the demand made, within two years after the notice is given by the executor or administrator of his appointment.

In c. 85 of the laws of 1872 this inconsistency was remedied by substituting two years for four years, in §§ 13, 14 and 16, and re-enacting the requirement for presentment and demand thirty days before the commencement of the action and within two years after the notice of the appointment, and establishing two years and six months from the giving of such notice as the period at which the limitation bar would attach.

The sections thus enacted took the place of certain sections in c. 87 of the revision, and the intention of the legislature that they should take effect as well in cases where administration had already begun as in the future is demonstrated by the provision in § 12 that "in any estate on which, when this act takes effect, administration has been commenced and is not finally closed, a creditor who has not presented his claim shall be allowed at least six months after this act takes effect to present it and demand payment and to commence after thirty days an action thereon."

The power of the legislature to shorten the period at the expiration of which the limitation bar shall take effect provided they allow a reasonable time for parties to bring suit before their claims shall be deemed barred by the new enactment, and do not absolutely deprive the creditor of his remedy under color of regulating it, has been too often recognized by courts of the highest respectability to be questioned now.

We cannot doubt that the remedy in this case is governed by the Public Laws of 1872, c. 85. Under that act the right of action for the first instalment of this note accrued within the time limited therein, as above quoted, for the making of a demand and the commencement of an action against an executor or administrator of an estate upon which administration has been commenced and not finally closed at the time of the passage of the act, and hence no action could be maintained against an heir for any part of that instalment.

But the case shows that that instalment was covered by the payments made by Elisha T. Sampson in his lifetime in conformity with the terms of the note itself. No appropriation of those payments having been made by either of the parties to the contract, the law appropriates them to the instalment which first became payable. *Milliken* v. *Tufts*, 31 Maine, 497; *Readfield* v. *Shaver*, 50 Maine, 36. The right of action for the second instalment did not accrue until April, 1873, before which time the statute bar was interposed.

Unless the distinction between debts due but not payable, before adverted to, could be maintained, it can make no difference that one of the instalments had become payable and might have been recovered of the administrator had it not been paid in advance by Elisha T. Sampson.

It is objected on the part of the defendant that the writ does not allege, nor the agreed statement show, that the administration had been closed nor that additional assets did not come into the hands of the administrator after the said term of two years. But whether the administration had been closed or not, all future suits against the administrator, were barred and the heirs have received the property.

Section sixteen, which gives the remedy against the heir, contains no reference to the exception which makes the administrator liable by the reception of assets after the expiration of the two years term, and such a matter, if it existed and could avail the defendant, would be for him to show by way of defence. *De non*

*apparentibus*, &c. The suit is rightly brought against one of the heirs for that proportion of the debt which it belongs to her to pay, for the reasons suggested in *Howes* v. *Bigelow*, 13 Mass., 391. Upon the agreed statement, therefore, the plaintiff is entitled to recover of this defendant one fourth part of the balance of the second instalment remaining unpaid at the death of Moses Sampson, and interest thereon from that date.

The result is that there must be,

*Judgment for the plaintiff for* $24.77, *and interest thereon from April* 5, 1871.

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.