Rohrbaugh v. Hamblin.

---

S. B. ROHRBAUGH v. AMELIA L. HAMBLIN *et al.*

No. 10578.

<div style="float:right">57 393<br>62 401</div>

1. COVENANT OF WARRANTY—*heirs may be sued for breach of, though ancestor's estate fully administered.* H. bound himself by a covenant of warranty in a deed for certain real estate. He died testate leaving all his property to the defendants. Six years after final settlement and distribution of the estate and the discharge of the personal representative, there was a breach of said covenant by eviction of the plaintiff; *held*, that relief may be afforded him by a suit in equity in the District Court directly against the defendants to compel them to refund that which in good conscience they ought not to retain.

2. ———— *in this State, heirs, though not named in, bound by ancestor's, to extent of estate received.* Although by the common law of England heirs are not bound by a covenant of warranty of their ancestor unless expressly named therein, and then only to the extent of the assets received by descent, yet in this State

when, after all the assets have been converted into money and distributed to the heirs, an obligation of the ancestor matures, such heirs may be compelled to refund to the claimant so much of what they have received as shall be sufficient to satisfy the obligation.

*Error from the Court of Appeals, Southern Department.*

REVERSED AND REMANDED.    OPINION FILED NOVEMBER 7, 1896.

THE original action was commenced in the District Court of Franklin County by Rohrbaugh to recover damages for a breach of the covenant of warranty contained in a deed of real estate executed by George W. Hamblin and wife December 13, 1879. George W. Hamblin died testate leaving all his property to the defendants as his legatees. The covenant of warranty reads as follows :

"And the said George W. Hamblin does hereby covenant and agree that . . . he will warrant and defend the same in the quiet and peaceable possession of the said party of the second part his heirs and assigns forever against all persons lawfully claiming the same."

The death of George W. Hamblin occurred September 18, 1882, and his estate of $22,469.10 was fully settled in a court of competent jurisdiction on January 18, 1884, and distributed in accordance with the will. Although said Hamblin was in possession of said real estate and delivered the same to his grantee, yet he had no title thereto, and the plaintiff was evicted therefrom in 1890 at the suit of the city of Ottawa. (42 Kan. 253.) It was agreed that, if the plaintiff was entitled to recover, the amount of the judgment should be $250 with interest, which at the time of the decision amounted to $25. The case was tried before Hon. Sperry Baker, judge *pro tem.*, and judgment was rendered in favor of the plaintiff for $275 and costs. This judgment was reversed by the

Court of Appeals (3 Kan. App. 131), and the case comes here on discretionary certification.

*C. A. Smart,* for plaintiff in error.

*F. A. Waddle,* for defendants in error.

MARTIN, C. J.   I. The Court of Appeals in effect held that the remedy provided by sections 171 and 172 of the Executors and Administrators Act (¶ ¶ 2957, 2958, Gen. Stat. 1889), relating to the refunding of legacies and distributions, is exclusive, and that no action having this purpose in view can be maintained in the District Court.   Referring to those sections as affording a remedy, the Court says :

" We apprehend that if a proper showing had been made in this case it would have been the duty of the Court to appoint an executor or administrator *de bonis non,* and he, under the direction of the Court, would have proceeded after the allowance of the claim to procure assets sufficient to pay said claim."

We do not think the plaintiff was required to pursue this circuitous remedy, if, indeed, an administrator *de bonis non* can be legally appointed after all the property has been distributed and the personal representative discharged.   Final settlement had been made six years before there was a breach of the covenant of warranty ; and under such circumstances we hold that relief may be afforded in equity directly against the beneficiaries of the estate to compel them to refund that which in good conscience they ought not to retain. It is true that, while an estate remains unsettled and the Probate Court is still exercising jurisdiction over it, the District Court should not, except in special cases, entertain an action for relief properly grantable by the Probate Court; but we think it follows.

1. Heirs sued for breach of warranty.

from a long line of decisions of this Court that the District Court may properly entertain jurisdiction in a case of this character. The following are some of the authorities, and they refer to most of the others : *Shoemaker v. Brown*, 10 Kan. 383 ; *Klemp v. Winter*, 23 id. 699, 705 ; *Stratton v. McCandless*, 27 id. 296, 306 ; *Kothman v. Markson*, 34 id. 542, 550 ; *Gafford, Guardian, v. Dickinson, Adm'r*, 37 id. 287, 291 ; *McLean v. Webster*, 45 id. 644, 648, and *In re Hyde, Petitioner*, 47 id. 277, 281. The Court of Appeals relied on *Fox v. Van Norman*, 11 Kan. 214, but we think that case is distinguishable from this as from *McLean v. Webster*, supra, as stated by Chief Justice HORTON in said case.

II. The defendants claim that, in any event, the judgment of reversal was proper on other grounds, one of which only we think it necessary to discuss. The covenant of warranty does not assume to bind the heirs of George W. Hamblin, and it is well settled in England that in such case they would not be liable. In order to hold them liable on such a covenant, it was necessary to show that they were named therein and that they should have assets by descent sufficient to meet the demand. 2 Bl. Com. 304, and Rawle, Cov. Title §§ 309, 310. The latter author says :

"The liability (whether immediate or ultimate) of the heir by reason of his ancestor's covenants for title depends in this country, to a great extent, upon the statutory provisions adopted in the different states for making the real estate of a decedent liable for the payment of his debts. . . . In the United States, it may be said that, as a general rule, lands are liable for the debts of a decedent, whether due by matter of record, by specialty, or by simple contract. In the last two cases, the existence of the debt, unless it be reduced to judgment, creates no lien during the debtor's life. By his death, however, its quality is

Opinion of the Court.

changed, and it becomes a lien upon his real estate, which descends to the heir or passes to the devisee subject to the payment of the debts of the ancestor according to the laws of the state in which it lies, and the rights of the creditor can, in most of the states, be enforced against the lands in the hands of a *bona fide* purchaser, within certain statutory limitations as to time.''

In this State realty does not become liable to the payment of the debts of the estate until the personalty has been exhausted, in which case it may be applied to the fullest extent unless exempt; and, by analogy, when all the assets have been converted into money and distribution has been made to the heirs, devisees, or legatees and an obligation of the ancestor or testator then matures, such beneficiaries of the estate ought to be compelled to refund to the claimant so much of what they have received as shall be sufficient to satisfy it. Strictly speaking, the beneficiaries are not liable in an action at law even when named in the covenant, for they can only be held to the extent of the assets received from the estate. Such action should be equitable in form, to subject the assets received by the beneficiaries to the payment of the debt. But, in this case, no point was made in the District Court as to the form of the action, nor as to the character and amount of the judgment, provided the plaintiff should be entitled to recover; and, the amount received by each of the defendants being greater than the plaintiff's claim, there was no substantial error in rendering judgment in its present form, the defendants being liable to contribution as between each other.

2. Heirs bound to extent of inheritance.

The judgment of the Court of Appeals must be re-

versed, and the judgment of the District Court will be affirmed.

All the Justices concurring.