EDWARD HEBERT *vs.* ABBY J. HANDY *et al.*

JUNE 11, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Contingent Claims Against Estate. Liability of Heirs, etc.*
C. P. A., § 984 fixes the liability of heirs, next of kin, devisees and legatees,
"for all *debts* for which suits could not have been brought against the
executor or administrator."
Section 985 provides that any creditor holding a "*contingent claim*," the right
of action on which did not accrue during the period of two years from the
date of the first publication of the notice of qualification, may bring his ac-
tion within one year after his right of action accrues.
Section 987 provides that "the creditor shall recover such claim by a suit in
equity":—
*Held*, that the word "debts" in section 984 was broad enough to include
"contingent claim" as used in section 985.

*Held*, further, that the holder of such a claim was a "creditor" within the meaning of section 987.

(2)  *Liability under Covenant, a Contingent Claim.*

The liability under a covenant of quiet enjoyment in a deed is a contingent claim, within the meaning of C. P. A., § 985, relative to the recovery of claims from the heirs, devisees, etc., of an estate.

(3)  *Covenants. Eviction.*

A voluntary surrender of the possession of the land by the covenantee to the holder of the legal and paramount title, either before or after an adverse judgment, is a sufficient constructive eviction to entitle him to an action against his covenantor on the covenant of warranty.

(4)  *Breach of Covenant.  Actions.  Equity.*

A claim for breach of a covenant of quiet enjoyment, the right of action on which did not accrue until after the expiration of two years from the date of the first publication of the notice of qualification by the executor, must be recovered by a suit in equity against the heirs, devisees, and legatees under C. P. A., § 987.

COVENANT.   Heard on exceptions of plaintiff, and overruled.

JOHNSON, J.   This is an action brought in the District Court of the Fourth Judicial District, the date of the writ being December 1, 1905, against the defendants as heirs, legatees, and devisees of George Handy, deceased, for breach of the covenant of quiet enjoyment in a deed made by said George Handy to the plaintiff July 31, 1896.   The case was certified to the Superior Court on claim for jury trial filed on the entry day of the writ.   In the Superior Court the declaration was twice amended.

The second amended declaration sets out the making and delivery by George Handy of Warwick, on the thirty-first day of July, 1896, of a deed, under seal, of a certain tract of land described therein, and situated in said Warwick; the covenants therein made by the grantor; possession of said tract by the plaintiff; the discovery by the plaintiff of the existence of a paramount title in another to a portion of said premises on the seventh day of May, 1905, and the yielding up of said portion of said premises by said plaintiff on said last mentioned date to the holder of said paramount title; the death of said George Handy, testate, on the fourth day of October, 1898; the devises

and bequests by his will to the defendants, and their acceptance of the same; that the defendant Abby J. Handy is the widow and defendants George F. Handy, Susan Bliss, and Melissa H. Handy are the children and heirs of said George Handy, deceased; that said Abby J. Handy is the executrix of the will of said George Handy, and that she first published notice of her qualification as such executrix on, to wit, the twenty-fifth day of November, 1898, and concludes with an averment of damage.

The defendant demurred to said second amended declaration on the following grounds:

"First. That the said second amended declaration does not state a legal cause of action.

"Second. That the said declaration does not state the facts from which it may appear that the plaintiff can maintain an action of covenant against the said defendants.

"Third. That the said declaration does not state the facts from which it may appear that said claim of the plaintiff could not legally have been made against the said George Handy in his lifetime or against his estate after his decease or that the said claim was barred against his estate at the time the said cause of action accrued or that said claim could not legally have been enforced against his estate before it was barred."

The demurrer was sustained, the court stating the reasons for its decision as follows:

"In this state all of the estate, both real and personal, of a deceased person is chargeable with his debts, those which are due at the time of his death and those which are contingent.

"The liability of these defendants as devisees and legatees of George Handy is not directly upon the covenants of George Handy, but under the provisions of the statute, as upon a claim which could not have been presented to the executrix and upon which suit could not have been brought against the executrix. The statute provides that such suit shall be in equity where the liability of each of the devisees and legatees may be properly adjusted according to the estate which they took from the testator."

The plaintiff has brought the case to this court on his excep-

tion to the decision of the Superior Court sustaining the demurrer.

(1)     The statutes fixing the liability of heirs, next of kin, devisees and legatees, are Chapter 47, sections 984, 985, 986, and 987, C. P. A., which are as follows:

"Section 984. After the settlement of an estate by an executor or administrator, and after the expiration of two years from the date of the first publication of the notice of his qualification by the first executor or administrator, the heirs, next of kin, devisees, and legatees of the deceased shall be liable, in the manner provided in the following sections, for all debts for which suits could not have been brought against the executor or administrator and for which provision is not made under the preceding sections of this chapter.

"Sec. 985. Any creditor holding a contingent claim, the right of action on which did not accrue during said period of two years, who shall bring his action within one year after his right of action accrues, and any creditor who from accident, mistake, or unforeseen cause has failed to file his claim within one year after the said first publication of notice, who shall bring his action not later than three years after said first publication, may recover such claim against the heirs and next of kin of the deceased, or against the devisees and legatees under his will, each one of whom shall be liable to the creditor to an amount not exceeding the value of real or personal estate that he has received from the deceased. But if by the will of the deceased any part of his estate, or any one or more of the devisees or legatees, is made exclusively liable for the claim in exoneration of the residue of the estate or of other devisees or legatees, such provisions of the will shall be complied with and the persons and estates so exempted shall be liable for only so much of the claim as cannot be recovered from those who are first chargeable therewith.

"Sec. 986. If an heir, next of kin, devisee, or legatee dies without having paid his just proportion of such claim, his estate shall be liable therefor, as for his own debt, to the extent to which he would have been liable if living.

"Sec. 987. In a case under the two preceding sections, the

creditor shall recover such claim by a suit in equity against all persons so liable, or against such of them as are within reach of process. The court shall decide how much each one of the defendants is liable to pay towards the claim."

Does the breach of covenant set out in the declaration constitute a debt within the meaning of said section 984?

In *Brouillard, Petitioner,* 20 R. I. 617, this court had under consideration the meaning of the words "provable debts," as used in Gen. Laws, R. I. cap. 274, § 50. Section 28 of said chapter provided, *inter alia,* for the proof against an insolvent of any claims "growing out of trover, replevin, or any tort," and said section 50 provided that "a discharge in insolvency shall release an insolvent from all his 'provable debts,'" etc. The court said (p. 618): "We think the term 'provable debts,' as used in said section 50, should be construed to include all claims against the insolvent which may be proved under said section 28, the word 'debts' evidently being used in its generic and not in its strict legal sense. In other words, the word 'debts' should be understood and taken in its popular meaning, which is synonymous with 'claims.'" The court cites *Stokes & Leonard* v. *Mason,* 10 R. I. 261, where a similar provision of the National Bankruptcy Act was considered, and also the definition of the word 'debt,' in Burrill's Law Dict.: "The word 'debt' is of large import, including not only debts of record or judgment, and debts by specialty, but also obligations arising under simple contract, to a very wide extent, and in its popular sense includes all that is due to a man under any form of obligation or promise."

It is to be noted that after the settlement of the estate and after the expiration of the time within which suit can be brought against the executor or administrator, the heirs, next of kin, devisees and legatees are, by section 984, made liable for the debts therein mentioned, "in the manner provided in the following sections." Section 985 provides for the case of a creditor holding a contingent claim, the right of action on which did not accrue during the period within which action could be brought against the executor or administrator. The word "debts," therefore, in section 984 clearly must have been used

in a sense broad enough to include the words "contingent claim," as used in section 985.

The plaintiff's counsel argue that: "This claim could not at any time be called a contingent claim. No claim existed until the eviction, and after the claim came into existence, neither the fixing of the amount of the claim nor the time of proof of it, depended upon any future event.

"Accident, mistake or unforeseen cause had nothing to do with the fact that this claim was not filed in the probate court," and, therefore, section 987, providing for a suit in equity does not apply.

(2)   A debt is not a contract, but the result of one. A covenantee is a specialty creditor of the covenantor, though the time of payment has not arrived. If it is sure to arrive then it is *debitum in praesenti solvendum in futuro.* If however, its arrival depends upon a contingency, that very contingency of liability constitutes a claim, payable upon the happening of the contingency. The liability upon a covenant furnishes one of the most familiar examples of a contingent claim. Thus in *Royce* v. *Burrell,* 12 Mass. 395, 399, Parker, C. J., in considering a statute substantially like ours, said: "But there may be other demands, neither due nor payable during the liability of the executor or administrator; such as covenants and contracts not broken;" and in *Hall* v. *Bumstead,* 20 Pick. 2, 6, Shaw, C. J., says: "Still it may sometimes happen that outstanding contracts against a deceased person are so situated that no claim can be effectually made within four years. This is most commonly the case with covenants of warranty, where there is no eviction or ouster, until after administration on the estate of the covenantor is closed."

(3)   The eviction set out in the declaration was a sufficient eviction. "A voluntary surrender of the possession of the land by the covenantee to the holder of the legal and paramount title, either before or after an adverse judgment, is a sufficient constructive eviction to entitle him to an action against his covenantor on the covenant of warranty." 11 Cyc. 1127, and cases cited.

In *Hamilton* v. *Cutts,* 4 Mass. 349, 352, the court says: "It

is true that, if the tenant consents to an unlawful ouster, he cannot afterwards be entitled to a remedy for such ouster. But an ouster may be lawful; and in that case the tenant may yield to a dispossession, without losing his remedy on the covenant of warranty, which in this state is a personal action of covenant broken. There is no necessity for him to involve himself in a lawsuit to defend himself against a title which he is satisfied must ultimately prevail. But he consents at his own peril. If the title, to which he has yielded, be not good, he must abide the loss; and in a suit against his warrantor, the burden of proof will be on the plaintiff; although it would be otherwise in case of an eviction by force of a judgment at law, with notice of the suit to the warrantor."

A creditor has been defined to be one "who has a right to require the fulfillment of an obligation or contract." Bouvier's Law Dict. But however defined, "creditor" is the correlative of "debtor." As the word "debts" as used in section 984 is in our opinion sufficiently broad to include the word "claim," we think the holder of a claim must be held to be a creditor within the meaning of sections 985 and 987.

(4) The claim set out in the declaration is clearly a contingent claim, the right of action on which did not accrue until after the expiration of two years from the date of the first publication of the notice of qualification by said executrix. Such a claim must be recovered by a suit in equity against the heirs, devisees, and legatees, under section 987.

The plaintiff's exception is overruled, and the case is remitted to the Superior Court with direction to enter judgment for the defendant on the demurrer.

*Vincent, Boss & Barnefield and Felix Hebert,* for plaintiff.
*John J. Arnold,* for defendant.