## HANCOCK v. COCHRAN.

No. 17048.   Opinion Filed Aug. 2, 1927.

(Syllabus)

**Descent and Distribution—Action for Breach of Covenant in Texas Deed—Action Improperly Revived Against Heir of Grantor After His Death—Failure to Present Claim to Executrix.**

A grantor conveyed lands situated in the state of Texas, by deed, which by force of article 632, Revised Statutes of Texas, 1895, carried an implied covenant binding the grantor and his heirs to answer to the grantee for a breach of this covenant. The covenant having been breached prior to the death of the grantor and suit having been filed by the grantee against the grantor on account thereof, held that, as determined by the law of that state, no action could be maintained against the heirs of the decedent where the grantee had an opportunity to present his claim to an executrix of the estate of the deceased grantor and failed to do so, and that in such case the cause of action could not be revived as against an heir of the grantor, and that the trial court did not err in setting aside an order of revivor against such heir and dismissing the action.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by H. G. Hancock against G. C. Cochran, on whose decease Maria C. Cochran was substituted as his sole heir. Judgment of dismissal, and plaintiff brings error. Affirmed.

Kent V. Gay, for plaintiff in error.

William J. Horton and Jackmon A. Gill, for defendant in error.

REID, C.   On the 19th day of July, 1917, the plaintiff in error filed his petition in the district court of Pittsburg county against G. C. Cochran. A demurrer to this petition was sustained, and on January 8, 1921, the plaintiff by leave of the court filed an amended petition.

In this amended petition plaintiff alleged that on the 21st day of September, 1909, the defendant G. C. Cochran, joined by his wife, Maria C. Cochran, executed and delivered to him a warranty deed to certain land situated in Ward county, state of Texas; that said deed was made upon a Texas statutory form, and he attached a copy of the deed to the petition.

Plaintiff further alleged that said deed contained a warranty against incumbrances, and that said covenant and warranty had been breached, and had failed by reason of the fact that, prior to the delivery of the deed to plaintiff, the said G. C. Cochran had executed a certain instrument and agreement creating a lien on said lands for the annual payment of certain stipulated amounts, and which was unknown to plaintiff at the time the land was sold to him, and that under such deed of trust the land was sold to pay the lien indebtedness, and the plaintiff thereby lost title to his land.

He prayed for a recovery of the purchase money paid by him, and also for the taxes paid prior to his knowledge of the sale of the land under the deed of trust.

Plaintiff also pleaded articles 628-633 and 634, title 20, of the Revised Statutes of the State of Texas, 1895, relating to conveyances of lands in Texas.

Under the record presented in this case it appears that G. C. Cochran, the defendant, died on the 16th day of April, 1924, and the motion for revivor in question here was filed by the plaintiff on the 31st day of January, 1925, asking that the action be revived against Maria C. Cochran, as sole and only heir of G. C. Cochran, and upon this motion notice was served on Maria C. Cochran that the motion would be heard on the 3rd day of March, 1925, or as soon thereafter as the court could hear said application.

On the 14th day of March, 1925, without any appearance of Maria C. Cochran, the court made an order finding that the cause of action should be revived against her as the sole heir of G. C. Cochran, and that all further proceedings be had against her as such, and permitting the plaintiff to amend his petition by substituting her as defendant.

On the 6th day of May, 1925, Maria C. Cochran filed a motion to set aside and vacate the order of revivor, and pleaded to the jurisdiction of the court. The allegations of the motion must be here taken as true. She alleged in the motion that the action had been revived as against her as the sole heir of G. C. Cochran, but that, in fact, he left other heirs residing in Pittsburg county, Okla., but that the cause of action sued on did not survive against any of his heirs; that the attempted revivor was not made on the day appointed in the notice; that the deceased died in Pittsburg county, Okla., while a resident thereof, and that on the 1st day of May, 1924, she was, upon proper petition, appointed by the county court of Pittsburg county, executrix of his will, and letters testamentary were issued to her; that on the 8th day of May, 1924, she gave notice to creditors to present claims, but that no claim was presented to her by the plaintiff within four months, or at any other time, and that no motion to revive the cause of action against her, or order of revivor, had been made within four months after notice to creditors; that the cause had not been revived in accordance with law, and she excepted to the jurisdiction of the court and asked that the cause

be dismissed. She attached to her motion copies of the probate proceedings referred to therein.

The question here presented arises upon the action of the trial court in sustaining the motion and dismissing the case.

The plaintiff contends that the cause of action survived against Maria C. Cochran, as an heir of G. C. Cochran, by reason of the provisions of article 633 of the Revised Statutes of Texas, title 20, 1895, which is as follows:

"Art. 633. (557) From the use of the word 'grant' or 'convey' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself, and his heirs to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance the grantor has not conveyed the same estate, or any right, title, or interest herein, to any person other than the grantee.

"2. That such estate is at the time of the execution of such conveyance free from incumbrances.

"Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."

It will be observed that, by force of the above statute, certain provisions are implied into the deed under consideration, and it will also be seen that the obligation of the grantor in this deed is in substantial accordance with the liability imposed by section 5259, C. O. S. 1921, upon grantors in warranty deeds made in this state, in which it is provided that the covenant of warranty shall be obligatory and binding upon any such grantor, his heirs, or personal representatives, as if written at length in such deed.

The plaintiff in error contends that there is only one question presented by the appeal, and that is whether Maria C. Cochran, as sole heir of G. C. Cochran, deceased, is a proper person against whom this cause of action should be revived. We think that is correct. It will therefore be unnecessary to determine whether the revivor had been made in accordance with the practice in this state, unless we find the action survived against Maria C. Cochran.

At common law the personal property of a decedent passed into the hands of the administrator for the purpose of paying debts, and the residue was distributed to

his heirs, but the realty passed direct to the heirs, and they were bound for the debts of the ancestor, to the extent of realty coming into their hands only when expressly bound in contracts made by such ancestor.

This principle was early expressed in the jurisprudence of this country in the following cases: Hutchinson v. Stiles, Adm'r, 3 N. H. 404; Webber v. Webber, 6 Me. 127; Boyce v. Burrel, 12 Mass. 395.

In the above New Hampshire case, the ancestor, Caleb Jones, by his deed, had covenanted with the plaintiff in the action that he and his heirs would warrant the title to the land to the plaintiff. In view of the fact that the decision in that case is one of the earliest opinions we have found discussing the rule applicable to the present case, we feel authorized to quote from it at length. The court said:

"In the case now before us it appears that Caleb Jones, who made the covenant, on which this action is founded, died in 1805; that his estate was immediately placed under the administration of Zadock Jones; and that the covenant, mentioned in the plaintiff's declaration, was broken in the same year. And the question is, whether an heir is liable, in this state, on the covenant of his ancestor in cases where a remedy might have been had against the executor or administrator of the ancestor.

"It is very obvious that, while the executor or administrator is liable, an action against the heir is altogether unnecessary. All the estate, both real and personal, is by law liable in the hands of executors and administrators, to pay all debts. This is an ample remedy. It is for this reason that the attempt has rarely, if ever, been before made in this state to charge an heir.

"And there are very serious objections against sustaining an action against an heir, so long as the executor or administrator is liable. In an action against an heir, it is well known that he may plead in such a manner as to compel the plaintiff to take the land descended. But if, after the plaintiff had taken the land, the estate of the ancestor should be found to be insolvent, it is very clear that it would be the duty of the executor or administrator of the ancestor to sell all the real estate; by which the remedy against the heir would be altogether defeated. The principle of holding the heir liable, before the administration of the ancestor's estate is closed, may be, therefore, in some cases, in direct conflict with our statutes, which make all the estate of a person deceased liable to be distributed among his creditors. * * *

"For these reasons, we are of opinion that an heir cannot be held liable on the covenant of his ancestor, while a remedy remains, and may be had, against the executor or administrator of the ancestor.

'And we are further of opinion, that, when the covenant of the ancestor is broken before the administration of his estate is closed, and he, with whom the covenant was made, neglects to enforce his claim upon the estate, in the ordinary course, against the executor or administrator, until all remedy against them is barred, and the estate distributed according to law, in such a case, the heir is not liable. We think that the settlement of estates, in a due course of administration, is not to be disturbed but in cases of strong necessity, and when justice cannot be, and could not have been, obtained in any other way. The heirs, in this state, cannot be held liable, except in cases where no other remedy could be had."

We have found no court departing, from the above doctrine, and the later decisions confirm it. See: Woods v. Ely, 7 S. D. 471, 64 N. W. 531; McClure v. Dee, 115 Iowa, 546, 88 N. W. 1093; Rohrbaugh v. Hamblin, 57 Kan. 393, 46 Pac. 705; Shannon's Heirs v. Dillon, 8 B. Mon. (Ky.) 389; 48 Am. Dec. 394; Russ v. Alpaugh, 118 Mass. 369, 19 Am. Rep. 464.

The deed in the present case conveyed real estate situated in the state of Texas, and the case is presented, at least on the part of the plaintiff, on the theory that the laws of that state fix the liability growing out of the breach of the covenants in the deed. We think that is true, especially in view of the fact that the implied covenants read into the deed by force of the above statute run with the land. Taylor v. Lane, 18 Tex. Civ. App. 545, 45 S. W. 317.

We will therefore see whether the legislative enactments or the courts of that state have established a rule different from that announced in the foregoing cases. By statutory law of that state, all property of a decedent, except certain exempt property, is charged with the payment of his debts, and passes into the hands of his administrator. Therefore, the rule of the common law in that particular has there been changed by statute.

In the case of Blinn et al. v. McDonald, 92 Tex 604, the Supreme Court of that state calls attention to the rule of the civil law, and that of the common law, fixing different rules of liability as to heirs for debts of an ancestor when receiving property from him, but finds, in that state, there is no distinction, and that an obligation created by a contract in which the ancestor expressly binds his heirs does not create any greater liability against them, when breached, than that of an ordinary contract made by him.

In the case of Ansley v. Baker, 14 Tex. 607, Chief Justice Hemphill, speaking for that court, laid down the rule which has been followed by that state in this language:

"The statute vests very ample jurisdiction in the county court over the estates of deceased persons, especially in relation to debts and subsequent partition. The intention was obviously to form a complete system; to provide for all contingencies; to adjust a mode of settlement sufficiently comprehensive to embrace all estates, with capacities to extend justice to all who would apply under its provisions; to have all the debts and assets before the county court, that none might suffer who were entitled under the law, and at the same time to form a system so intelligible to a common understanding as to be susceptible of administration by men of plain common sense, although they might be new in their offices, being liable to be changed at every biennial election. To introduce an executor **de son tort** with his rights and liabilities would mar the intended symmetry and increase the perplexity of the system. To permit the estate to be charged and its assets applied in another mode, and by a different tribunal from that prescribed by law, would be at war with the policy of the statute and would produce discord and confusion where harmony might and should exist.

"It will be observed that there is no ground alleged in this case sufficient in law to require a departure from the ordinary mode of enforcing claims against an estate by administration. It is not averred that the plaintiff was impeded or prevented from administering or from pursuing his ordinary remedy. No doubt there might be cases in which the possessor of the property of an estate might be held responsible for its debts to the extent at least of the assets in his hands; but this could only be where he was otherwise remediless without default in himself."

Beginning with the above expression on the question by the highest court of that state, and ending with the recent case of Faulkner v. Reed (Tex.) 241 S. W. 1002, that court has always held that a creditor with an accrued indebtedness, fixed in amount, must present his claim to an administrator for payment, and that he is only authorized to assert his equitable lien upon property received by the heirs when he has had no opportunity to collect his debt in administration proceedings.

The plaintiff in error calls our attention to the case of Young v. Moore, 110 S. W. 548, decided by the Court of Civil Appeals of Texas, but there is nothing in the opinion disclosing whether or not an administrator had been appointed; whether the four years had elapsed in which administration could be had on the estate, after the accrual of the cause of action on the covenant, or whether any other facts existed which rendered it impossible for the plaintiff to collect his debt in administration proceedings. We would therefore not be authorized to conclude that case to be at variance with the great line of Texas decisions which do hold as before stated.

The plaintiff in error calls our further attention to three cases which were suits by covenantees in deeds made by ancestors of heirs, in which the heirs, with property coming into their hands from the ancestor's estate, were held to be proper parties defendant, to wit: Irvine v. Leyh (Mo.) 114 S. W. 715; McClure v. Dee (Iowa) 88 N. W. 1093; Hohrbaugh v. Hamblin (Kan.) 46 Pac. 705.

But in each of these cases the court called attention to the fact that the breach of the covenant occurred after the administration on the estate of the covenantor had closed. It will be seen that these cases can have no application here, for the reason that the record in the present case shows the breach sued on occurred during the lifetime of the grantor, and he had long prior to his death been the defendant in this case, and this suit was pending in the same county in which his estate was thereafter administered, notices to creditors given, and the plaintiff had an opportunity to present his claim for payment by the executrix out of the estate of the grantor.

Having found that under the state of facts presented by this record no action could be maintained against Maria C. Cochran for the damages set out in the plaintiff's amended petition, we hold that the trial court did not err in setting aside the order of revivor and dismissing the action as to her, and that the case should be affirmed. It is so ordered.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 1 C. J. p. 230, §478 (Anno); 15 C. J. p. 1213, §7; p. 1293 §170.