### GEORGE W. FOX v. MRS. PETER VAN NORMAN.

1. EXECUTOR *de son tort.* Under our statutes there can be no such person as an executor *de son tort* with the liabilities which attached at common law.

2. *Petition; Failure to Answer.* An objection that a petition does not state facts sufficient to constitute a cause of action, is not waived by a failure to answer or demur, and can be raised by simply objecting to any judgment thereon.

*Error from Labette District Court.*

THE petition below was entitled "*George W. Fox, plaintiff, v. Mrs. Peter Van Norman, defendant.*" The body of said petition is as follows:

"The plaintiff shows to the court that Peter Van Norman in his lifetime made and delivered his certain promissory note, of which the following is a copy: [Then follows copy of note dated January 12th 1871, for $125, payable three months after date to N. L. Harlin, signed 'Peter Van Norman.' And two other notes made by said Peter are in like manner severally stated in the petition—after which the petition reads:] And the plaintiff further shows that afterward, and before this the filing of this petition, the said several notes were duly assigned, transferred and delivered to the plaintiff, who is the owner and holder thereof. The plaintiff further shows that the said Peter Van Norman in his lifetime, and the defendant, were husband and wife, citizens of the Cherokee Nation, Indian Territory, and that before the commencement of this action the said Peter departed this life, leaving no will behind him, and leaving the defendant, his widow, and no children, him surviving; and that the said Peter left divers articles of personal property and live stock at the time of his death which by virtue of an act of the

National Council of the Cherokee Nation entitled 'An act relative to estates and administrators,' dated October 12th, 1841, and also an act of said council entitled 'An act in regard to marriage and estates,' approved October 24th, 1855, and by virtue of the laws of said nation, descended to and became the property of the defendant subject to the payment of all just debts of said deceased, and that such property and stock so left amounted in value to more than the said debts shown by said notes, and that the defendant as such widow has taken possession of such property so left by her husband, claiming it as her own. Wherefore," etc.

The record shows the following journal-entry of the proceedings had at the November Term 1872 of the district court:

[*Title.*] "This cause being reached on regular call of the docket, and no answer or demurrer having been interposed, the counsel for the plaintiff, A. H. Ayers, moved for judgment upon the petition in favor of the plaintiff: and thereupon J. H. Crichton, attorney for the defendant, objected upon the ground that the petition did not state facts sufficient to constitute a cause of action. And thereupon, in consideration of the premises the court doth overrule and deny the plaintiff's motion for judgment; and it is considered, ordered, and adjudged that this action be dismissed at the costs of the plaintiff. To all which said plaintiff excepted and excepts."

*Fox* brings the case here by petition in error for review.

*Ayres & Fox*, for plaintiff in error:

1. If the defendant fails to answer or demur it was intended by our code to allow the plaintiff to take judgment as upon a cause of action confessed to the amount of which defendant has notice by the indorsement on the summons: Code, §§ 59, 128; Laws 1871, p. 277, § 3. Such is the practice under the N. Y. code: §§ 136, 246; Till. & Sherman's Pr., 250, 253. The default on theory admits a cause of action: 1 Bur. Prac., 377; Laws 1871, p. 277, § 3; 3 Cow., 296; Mitford's Chancery Pl., 13, 14.

The defendant having every opportunity to protect himself by pleading, it would be unjust to the plaintiff, to allow the

action to be defeated on application for judgment on default by mere objection. Till. & Sherman Pr., 252, 253.

2. But the petition states a cause of action. The law of the place of the domicil of the deceased, and of the then holder of the assets, and then *sitæ*, govern the marshaling of the assets. Story's Conflict of Laws, § 524; 1 Story Eq. Juris., § 585. This court is competent to adjust the rights of any adverse claimants or claims to the fund and assets, if pleaded. 1 Story's Eq., §§ 589, 586.

If the parties had resided in this state the claimant might get his claim satisfied out of the estate of the deceased by this action — get accounting, and decree for payment of debt, or sue for himself. 1 Story's Eq., §§ 535, 546; Mad. Ch., 572, 582. The plaintiff, a creditor, has the right in this state to sue the defendant, aver the debt, and the receipt of assets; and if this is not denied plaintiff is entitled to recover. Adams Eq., 256.

*J. H. Crichton*, for defendants in error:

1. No answer need be filed, where the petition does not state facts sufficient to constitute a cause of action. Civil code, § 91. And it is no confession of a cause of action — by not answering.

2. The defendant was not a party to the original contract, and did not receive the property through fraud, and cannot be held personally liable for her husband's debts. She could only be sued as administratrix, or executrix (if either she were,) for her husband's debts, under the law of this state; and no action can be brought on said debts against other than the legal representative of the estate of the deceased. See law governing executors and administrators, ch. 37, General Statutes.

The opinion of the court was delivered by

BREWER, J.: Plaintiff sued the widow of Peter Van Norman on some promissory notes executed by him in his lifetime, and claimed a personal judgment against her. Did

the petition state facts sufficient to constitute a cause of action? We think not. The defendant did not sign the notes, and is not therefore responsible as maker. It is alleged that she is the sole heir of Peter Van Norman. But that creates no liability. The debts of a man die with him, except so far as his own property will satisfy them. There is no transfer of obligation to the heir. It is also alleged that she has in her possession, and claims to own, personal property which belonged to decedent sufficient to pay this claim, and which descended to her subject to the payment of all just debts. In other words, plaintiff seeks to charge her as executrix *de son tort* of her husband. The executor *de son tort* is a person of whom the English law books frequently speak. He was defined to be a person who without authority from the deceased, or the ordinary, does such acts as belong to the office of an executor, or administrator. 4 Bacon's Abr., 26, *B.* 3, § 1. He is one who assumed to act as executor and settle up an estate without any authority. In general, he was liable only for the value of the assets which came to his hands, and in such cases when a recovery was had against him the judgment was *de bonis testatoris.* Toller on Exr's, 473; 4 Bacon Abr., 32, *B.* 3, § 3. Though if he pleaded *ne unques executor*, and the issue was found against him, the judgment was for the full amount of the debt without reference to the value of the assets in his hands. Bacon Abr., 30, 32, *B.* 3, §§ 2, 3. The judgment was executed for the sole benefit of the creditor suing, to the exclusion of all the other creditors. Toller's Ex'rs, 472, and note 1. Hence in many of the states of the Union in which the statutes have attempted to place creditors upon an equality in the matter of payment, the courts have declared that there can be no such person as an executor *de son tort* in the sense of the English law. *Barasien v. Odenn,* 17 Ark., 123; *Rust, Exr., v. Wetherington,* 17 Ark., 129; *Dixon v. Cassell,* 5 Ohio, 533; *Ausley v. Baker,* 14 Texas, 607; *Green v. Rugely,* 23 Texas, 539. In 2 Redfield on Wills, 13, note 6, the learned author says, speaking of this subject: "We have devoted no space

15—11 KAS.

to the topic in this work because it is so nearly obsolete in the American courts that it would seem unjust to the profession to tax them with the expense of what is only speculatively useful, when so much which is practical has to be omitted." Our statutes establish a rule of uniformity in the payment of debts. Gen. Stat., 448, § 80. They have provided means for compelling the delivery of any property belonging to a decedent to his personal representatives. Gen. Stat., 471, §§ 196, 200. It is therefore but a simple application of the reasoning and authority of the decisions cited to our own statutes, to hold that under them no such person exists as an executor *de son tort* with the liabilities which attached at common law. If a person have property belonging to an estate its delivery to the administrator or executor can be compelled by any creditor, or other person interested, in the manner prescribed in the sections quoted. It would be strange if one creditor could compel a delivery of the property to the administrator, and another obtain judgment for its value.

Another question is discussed by counsel. It is insisted that the defendant is too late with her objection. She filed no answer or demurrer, but simply objected to judgment when the case was called for trial. This was sufficient. *Zane v. Zane*, 5 Kas., 134. The judgment of the district court will be affirmed.

All the Justices concurring.