No. 1275.

SUCCESSION OF ZÉNON ELIZÉ THIBODEAUX.

ON OPPOSITION TO THE DEMAND OF ADMINISTRATION BY MOZART THIBODEAUX.

There is no law to justify and no room or reason for the appointment of an administrator to a succession which owes no debts, and after the property has been put in the possession of the heirs who have accepted the same, thus winding up and finally settling up the succession.

If the existence of debts should be afterwards discovered, the creditors would have re course against the heirs, but not against the succession which has ceased to exist.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Gates, J.

Mouton & Martin for the Appellee.

Felix Voorhies for the Appellant.

The opinion of the Court was delivered by

POCHÉ, J. At the death of Zenon Elizé Thibodeaux, which occurred in 1867, an inventory of the property left by him was taken and Paul

E. Thibodeaux was appointed and qualified administrator of his succession.

In 1868, all the heirs of the deceased, including the administrator, effected among themselves a partition by authentic act of all the property depending upon said succession; and in 1881, the administrator died.

In 1885, Mozart Thibodeaux claiming to be an heir of the deceased, Z. E. Thibodeaux, filed an application for the appointment of administrator of the succession, alleging the necessity of such an administration and the death of the administrator Paul E. Thibodeaux.

His application was opposed by one of his co-heirs on the ground that the succession had been finally settled, the heirs, all of age, having been put in possession of their respective shares of the property thereof, there being no debts and there being consequently no succession to administer.

This appeal is prosecuted by the opponent from a judgment in favor of the applicant.

The record fully establishes the state of facts contended for by the opponent and appellant, and our jurisprudence has firmly settled the rule that when the heirs of a succession, which owes no debts, have been placed in possession, as such, of the property left by the decedent, there is an end of the succession which is wound up and settled, and thus ceases to exist—and that therefore there is no reason or room for an administrator.

If, after such an operation, any debts should be discovered, the recourse of creditors could not be exercised against the succession, which has no longer any existence, but against the heirs, who would thus become debtors for their virile shares of their ancestor's debts. Sevier vs. Sargent, 25 Ann. 221; Succession of Walker, 32 Ann. 321; Succession of Hebert, 33 Ann. 1107; Succession of Baumgarden, 35 Ann. 675; same, 36 Ann. 46; Succession of Geddes, 36 Ann. 963; Succession of E. S. Powell, 38 Ann. ——, not yet reported.

The applicant in this case has not even alleged the existence of any debts due by the succession, or any other legal conditions sufficient to justify his coveted appointment as administrator of a succession already wound up and fully settled.

The judgment of the district court is, therefore, manifestly erroneous, being stripped of all support either in reason or in law.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, that the opposition herein be sustained and that the application of Mozart Thibodeaux for the appointment of administrator of the succession of Zenon Elizé Thibodeaux be denied and rejected at his costs in both courts.