McLean v. Webster.

CHARLES McLEAN v. MEHITABLE S. WEBSTER.

1. CASE, *Followed.* The case of *Shoemaker v. Brown*, 10 Kas. 383, followed.

2. REAL ESTATE, *Inherited — Subjection to Payment of Father's Debts.* The district court has jurisdiction to subject real estate which the heir at law or devisee has inherited from his father, for the debt of the father, where there has been no administration of the estate, and where there are no other debts or claims against the estate.

3. DEED — *Breach of Warranty.* A warranty in a deed for quiet and peaceable possession is broken by an eviction of the grantee under a foreclosure and sale on a prior mortgage upon the premises.

4. ―――― *Record of Deed, When Receivable in Evidence.* The records of a register of deeds may be received in evidence to prove an instrument authorized to be recorded by the statute therein, when the original thereof is not in the possession or under the control of the party desiring to use the same. If it appears that the written instrument has been executed to the adverse or opposing party, and the party desiring to use the same is not entitled to the custody thereof, the presumption is, that it is not in his possession or under his control.

*Error from Coffey District Court.*

ON the 11th day of October, 1884, *Mehitable S. Webster* commenced her action against *Charles McLean*, the minor child of Wm. McLean, deceased, to recover the sum of $1,050, and interest, and also to subject the southwest quarter of section 34, township 21, in range 15, to the payment of said claim. Upon the same day she obtained an order of attachment, which was levied upon the real estate above described. Service was made by publication. S. C. Jenkins, esq., was appointed by the court guardian *ad litem* for Charles McLean, the minor. He filed an answer, which was not verified. Subsequently amended pleadings were filed. Trial had on the 15th day of July, 1887, before the court, a jury being waived. After hearing the evidence and argument of counsel, the court took the case under advisement. On the 26th day of November, 1887, the court filed its conclusions of fact and of law, as follows:

"1. On the 9th day of September, 1859, William McLean

was the owner of the north eighty acres of the southeast quarter of section 25, in township 21, of range 14, in the county of Coffey and state of Kansas, and on that day mortgaged the same to Thomas Champion to secure the payment of $101 and interest, and such mortgage was recorded in the office of the register of deeds of said Coffey county, September 9, 1859.

"2. On the 24th day of September, 1861, said William McLean executed and delivered to the plaintiff the deed set out in the petition for the sum and consideration of $400, paid by the plaintiff in money to the said William McLean at the time of the delivery of the said deed to her, and no part of the said purchase-money has ever been paid back to the plaintiff, and the said deed was duly recorded in the office of the register of deeds of said Coffey county on the 13th day of June, 1865.

"3. On the 15th day of March, 1866, said Thomas Champion commenced his suit in the district court of Coffey county to foreclose the said mortgage to him before mentioned, and on May 30, 1866, obtained a decree, in pursuance of which the said mortgaged premises were duly sold and conveyed to said Champion on the 7th day of December, 1866.

"4. The plaintiff had no actual knowledge or notice whatever of the existence of said mortgage, nor of the suit to foreclose the same, and was not a party to such suit and foreclosure, and her first knowledge of said mortgage and suit and sale was in the year 1869, to which date she paid the taxes on said land.

"5. Said land was open and unoccupied until after the commencement of this suit, several persons having claimed to own said premises since said foreclosure by virtue of conveyances from the said Thomas Champion.

"6. In the spring of 1862, said William McLean left the state of Kansas and never subsequently resided therein, or has been within said state. The plaintiff, at the time of her said purchase of the said land aforesaid, was, and continually ever since has been and now is, a resident of the city of Leavenworth, state of Kansas.

"7. The said William McLean died in the territory of Montana in the year 1882, leaving a will, by the terms of which he devised to his son, Charles McLean, the defendant in this suit, the land attached in this suit, to wit, the southwest quarter of section 34, in township 21, of range 15, in the county of Coffey, state of Kansas, which said lands were

and are the only property of any kind within the state of Kansas owned by the said William McLean at the time of his death. The said will was duly probated in the said territory of Montana before the commencement of this suit.

"8. At the time this suit was commenced, the defendant was and still is a minor, and was not then and never has been a resident of the state of Kansas.

"9. No letters of administration on the estate of said William McLean, deceased, have been issued in the state of Kansas, nor executor of his will appointed or recognized in the said state, nor has any one offered or attempted to administer upon the estate of the said William McLean, deceased, in the state of Kansas.

"10. The lands attached in this suit are worth the sum of $2,800.

"11. There is due to the plaintiff the sum of $400 paid to the said William McLean as the consideration for the lands described in the deed from him to the plaintiff, described in the petition herein, with the interest thereon since September, 1861, which said sum and interest now amount to the sum of $1,132.34, no part of which has been paid."

"CONCLUSION OF LAW.

"That the plaintiff is entitled to judgment against the defendant for the sum of $1,132.34 so found due her and interest, and costs of this suit, and that the lands attached in this suit, to wit, the S.W. ¼ of section 34, in township 21, range 15, in the county of Coffey, state of Kansas, be sold according to law, and from the proceeds of such sale the costs hereof be paid, and the plaintiff be paid the sum of $1,132.34 with interest from the date of entry of said judgment."

Thereupon the defendant, by his guardian *ad litem*, filed his motion for judgment upon the findings of fact. This motion was overruled, and then the defendant, by his guardian *ad litem*, filed his motion for a new trial. This was also overruled. Judgment was rendered in favor of the plaintiff and against the defendant for $1,136.50 and costs, taxed at $70.35. The attached property was ordered to be sold and the proceeds thereof applied to the payment of the judgment and costs. The defendant, by his guardian *ad litem*, excepted, and brings the case here.

*Redmond & Junkins,* for plaintiff in error.

*T. A. Hurd,* and *Geo. E. Manchester,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The contention of the minor, Charles Mc-Lean, through his guardian *ad litem,* is, that the amended petition did not state facts sufficient to give the district court jurisdiction of the subject-matter of this action, because the statutes of the state provide full and complete remedies in the probate court for the collection of all claims against the estates of deceased persons, and therefore that the probate court of Coffey county is vested with the exclusive jurisdiction of the subject-matter.     William McLean, the father of Charles . McLean, died in Montana in 1882, leaving a will, by the terms of which he devised to his son, Charles McLean, the land attached and ordered to be sold.     No letters of administration on the estate of William McLean, deceased, have been issued in this state, and no executor of his will has been appointed or recognized in this state.     By the common law, the heir at law or devisee is personally liable for the debts of his ancestor to the value of the property received from him. (Rawle, Cov., § 309, pp. 514, 519, 522; 2 Greenl. Ev., §§ 356, 357; 4 Bac. Abr. 410; Gen. Stat. of 1889, ¶ 2592.)     The original petition is essentially a bill in equity to enforce the claim and lien upon this land, and such purpose is fully shown.     In *Shoemaker v. Brown,* 10 Kas. 390, 391, 392, it is said that—

"The courts in chancery always had paramount jurisdiction over the estates of deceased persons, and generally had jurisdiction over all trust estates.     Therefore, if the district courts of this state have full chancery powers in this respect, then they must have jurisdiction in cases of this kind. . . .     The mere giving of jurisdiction to one court does not show that it must be exercised exclusively by that court.     The constitution gives to the supreme court original jurisdiction in *quo warranto, mandamus,* and *habeas corpus,* (art. 3, § 3,) and also gives to the probate courts original jurisdiction in *habeas corpus,* (art. 3, § 8,) but still it has never been supposed that either of these courts had exclu-

1. Case, followed.

sive original jurisdiction in any of these matters, for the legislature has given such jurisdiction also to the district courts. . . . We think it could not have been intended by the legislature to limit in any respect the jurisdiction of the district courts by passing the acts conferring certain jurisdiction upon the probate courts. It was simply intended to confer such jurisdiction upon the probate courts, and to leave the other courts to exercise just such jurisdiction and powers as the other statutes had given or should give to them. The act concerning executors and administrators shows this. Sections 83 and 86 of said act show that it was not the intention of the legislature to confer upon probate courts exclusive original jurisdiction in suits against estates."

This case is not like *Fox v. Van Norman*, 11 Kas. 214. In that case it was attempted to personally charge the widow of her deceased husband as an executor *de son tort* with the liabilities which attached at common law. This it was held could not be done under the statute.

It is not shown or claimed that there were any other debts against the estate of William McLean, deceased, and the property attached is the only property of the decedent within this state. After the attachment, the action was in the nature of a proceeding to subject the land of the decedent within this state to the payment of the claim stated in the petition; therefore, in the absence of any administration, we cannot perceive any good reason for holding that the district court had no jurisdiction to hear and determine the subject-matter before it. "Generally, while the estate is in the course of settlement in the probate court, the district court will not exercise its jurisdiction, and this for the reason that the jurisdiction of the district court in such cases is equitable only, and the parties have a plain and adequate remedy in the probate court." (*Gafford v. Dickinson*, 37 Kas. 290; *Kothman v. Markson*, 34 id. 550; *Stratton v. McCandless*, 27 id. 306; *Collamore v. Wilder*, 19 id. 67; *Johnson v. Cain*, 15 id. 532.) The estate of William McLean, deceased, was not in the course of settlement in the probate court when this action was brought.

The next contention is, that the deed from William Mc-

*2. Real estate, inherited— subjection to payment of father's debts.*

Lean to Mehitable S. Webster is not a deed of general warranty, and, further, that plaintiff below was never evicted from the land described in the conveyance to her.   The warranty in the deed is in these words:

"And the said party of the first part and his heirs, the said premises in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, against the said party of the first part, his heirs and assigns, and against all and every person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant and by these presents forever defend."

This is a warranty of peaceable possession, and was broken by an eviction under a paramount title.   The land was sold
3. Deed—breach and conveyed on the 7th day of December, 1866,
of warranty.   under proceedings to foreclose a mortgage dated
the 9th of September, 1859, which was prior to the deed from William McLean to Mehitable S. Webster, of the 24th of September, 1861; therefore the plaintiff below could not redeem except by paying the prior mortgage lien thereon.   Under this lien she was deprived of all title, and a breach of the warranty in the deed occurred.

The other contention is, that the trial court erroneously received in evidence several records from the office of the register of deeds of Coffey county to prove conveyances of the land deeded by McLean.   It is urged that these records ought not to have been received in evidence until it was shown that the original conveyances were not in the possession or under the control of the plaintiff below. (Civil Code, §§ 372, 387*a*; Gen. Stat. of 1889, ¶¶ 1136, 1137.)   The deed from William McLean to Mehitable S. Webster, of the 24th of September, 1861, was a part of the amended petition, and as the answer was a general denial only, and not verified, its execution was admitted.   The other records received in evidence were written instruments authorized by the statute to be recorded in
4. Record of   the office of the register of deeds, the originals of
deed, when
receivable in   which did not belong to plaintiff below.   They
evidence.   had been executed to adverse or opposing parties.
The presumption is that they were not in her possession or

under her control.    As nothing appears in the record to the contrary, the court committed no error in permitting the copies in the office of the register of deeds to be received in evidence.

Other matters are discussed in the brief, but they are unimportant and not even prejudicial.

The judgment of the district court will be affirmed.

All the Justices concurring.