Cooper v. Ives.

---

JAMES F. COOPER v. LUCINA M. IVES *et al.*

No. 11,767. (63 Pac. 434.)

1. DESCENTS AND DISTRIBUTIONS—*Lex Loci.* The descent of real property is governed by the laws of inheritance of the state where the land is situated. Title to the same cannot be affected by the decree of a court of another state.

2. ——— *Action against Heirs of Deceased Stockholder.* A judgment creditor of an insolvent corporation organized under the laws of this state, after execution returned *nulla bona*, brought suit here against the widow and sole heir of a deceased stockholder to charge her with the amount of her husband's statutory liability as such stockholder to the value of land inherited by her, and to appropriate the same to its payment. It was shown that the widow was executrix of the last will of the deceased, appointed in New York where he resided at the time of his death, but that all debts and legacies had been paid. There was no administration in this state. *Held*, that she, in her representative capacity as executrix, was not a necessary party defendant; and *held further*, that the action could not be defeated by showing that there was personal property in New York in the hands of the executrix sufficient for the payment of the creditor's claim.

3. STOCKHOLDER'S LIABILITY—*Case Followed.* The case of *McLean v. Webster*, 45 Kan. 644, 26 Pac. 10, followed and applied.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed Jannuary 5, 1901. Reversed.

### STATEMENT.

THIS was an action brought by James F. Cooper to subject certain real estate in Cherokee county belonging to the estate of Willard Ives, deceased, to the payment of an indebtedness arising out of the fact that the deceased was a stockholder in the Western Farm Mortgage Trust Company, an insolvent corporation, organized under the laws of the state. Plaintiff in error recovered a judgment against the trust company, on which execution was issued and returned unsatisfied.

Willard Ives, in his lifetime, was a stockholder in said corporation, holding stock of the par value of $5000. He lived in the state of New York, and died in April, 1896. The judgment against the trust company in favor of Cooper was rendered in December, 1896. Ives left a widow, Lucina M. Ives, one of the defendants in error, but no children or direct descendants. The deceased made a will, in which he bequeathed about half his estate to charitable and religious societies. Ross C. Scott was appointed executor by the surrogate court of Jefferson county, New York.

In June, 1898, plaintiff in error filed a petition in the court below making said executor a party, together with Lucina M. Ives, the widow, and several other persons, designated as heirs of the deceased. The petition set up the judgment against the corporation, the issuance and return of the execution thereon, the fact that Ives in his lifetime was the owner of shares of stock aggregating $5000, and prayed judgment for

that amount against all the defendants. An affidavit for attachment was filed at the beginning of the suit, alleging that all the defendants were non-residents of the state. The property in controversy was then attached. Service by publication was had on all the defendants. On July 13, 1898, plaintiff below amended his petition by inserting a description of the land owned by Ives in Cherokee county at the time of his death, and alleging further that no letters testamentary of administration had been issued on the estate of Willard Ives within the state of Kansas, nor any copy of the appointment of Scott as executor filed in any probate court in this state. The prayer asked that the described real estate be declared subject to the payment of the said indebtedness, and that the same be sold, etc. Publication service was again had on defendants after this amendment was made to the petition.

The defendants, some forty-six in all, with the exception of Ross C. Scott, executor, and Lucina M. Ives, the widow, answered. They alleged that the shares of stock in the trust company, upon the death of Ives, passed to Scott, the executor, and became assets of the estate; that Ives died in Jefferson county, New York, leaving ample personal estate sufficient to pay all his debts, including plaintiff's claim; that the supreme court of New York, sitting in Jefferson county, had, by a judgment and decree in a suit for the construction of the will of said Ives, decided that the answering defendants were entitled to the real estate left by said Ives, including the land described in the petition, and that the construction of the will by the New York court is, by a rule of comity between states, entitled here to full faith and credit; that by reason of said decree the answering defendants were tenants

in common of the real estate in Kansas, and that Scott, the executor, had no interest therein.

Plaintiff's reply to this answer was, in effect, a general denial.

After the issues were so made up, Ross C. Scott, the executor, died, and Lucina M. Ives, the widow, was appointed executrix in his stead by the surrogate court of Jefferson county, New York. On May 25, 1899, the plaintiff filed an amended and supplemental petition, making no change in the parties defendant except to add the name of Lucina M. Ives as executrix, and making the religious societies, legatees under the will, defendants. There is an allegation in this pleading that all the legacies and debts of the estate have been paid except the claim of plaintiff. Service by publication was again had on all the defendants. All of them, with the exception of Lucina M. Ives, personally and as executrix, filed an answer substantially like that made to the first amended petition. They also stated that the Western Farm Mortgage Trust Company was indebted to the estate of Ives, deceased, in the sum of about $4600 on its guaranty of bonds sold to Ives. In the reply these bonds were alleged to have been paid. On the trial it was shown that all the debts and legacies due from the estate, except plaintiff's, had been discharged, and about $50,000 paid to Lucina M. Ives, the widow. No administration was had in this state. There was no evidence in support of the set-off pleaded by defendants.

After the evidence had been introduced, the plaintiff dismissed his action as to Lucina M. Ives, executrix of the will of Willard Ives, deceased. Thereupon the court rendered a general judgment in favor of the de-

fendants below. Cooper, the plaintiff in error and plaintiff below, has come here by proceedings in error.

*Stebbins & Evans*, for plaintiff in error.

*R. M. Cheshire*, for defendants in error. ·

The opinion of the court was delivered by

SMITH, J.: Under the statutes of this state, where the real estate in controversy is situated, Lucina M. Ives, the widow of the testator, inherited the whole of it. (Gen. Stat. 1899, § 2459; Gen. Stat. 1897, ch. 109, § 19.) The descent and heirship of real estate are exclusively governed by the law of the country within which it is actually situated. (Woern. Am. Law Adm. § 168.) The decree of the supreme court in Jefferson county, New York, in the suit brought by the widow against the legatees and others, in which there is a recital that the defendants below were heirs of Willard Ives, deceased, and entitled to participate in the distribution of his estate, can have no force here.

The deceased left surviving him no children, brother, sister, or descendants of any, or father or mother, and the decree rendered in the New York court could in no manner affect the descent of the property to the widow, as fixed by our statute; nor could the New York court pass on the title to real estate in Kansas. In the case of *Carpenter v. Strange*, 141 U. S. 87, 105, 11 Sup. Ct. 960, 966, 35 L. Ed. 640, 647, it was held that the supreme court of New York was without power to adjudge the conveyance by a testator to the defendant of lands in Tennessee to be fraudulent and void, and to annul the same. The court said:

"The real estate was situated in Tennessee and governed by the law of its situs, and while by means

of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant; as, for instance, by directing a deed to be executed or canceled by or on behalf of the party. The court has no inherent power, by the mere force of its decree, to annul a deed or to establish a title.''

See, also, *McCartney v. Osburn et al.*, 118 Ill. 403, 9 N. E. 210; *Watkins v. Holman et al.*, 16 Pet. 25, 10 L. Ed. 873.

It is stated by counsel for defendants in error that the ground on which the court below rendered judgment in favor of the parties represented by him was that after the dismissal of the action against the executrix the plaintiff below was in the position of seeking to recover on a stockholder's liability, with no stockholder in court against whom a judgment could be obtained. This brings us to a consideration of the necessity of the presence of the executrix of the will of Willard Ives, deceased, before the court in an action to enforce such a liability. It will be observed that Lucina M. Ives, the widow, was a party in her individual capacity only, and was in default for answer.

In *McLean v. Webster*, 45 Kan. 644, 26 Pac. 10, a creditor of a decedent, without taking out letters of administration, was allowed to subject real estate in the possession of the heir to the satisfaction of the creditor's claim, there being no other debts against the estate. The petition in the McLean case described the land which descended to the heir, and prayed that the same be held subject to the payment of the debt sued on. There was an attachment in that case as in

this, ancillary to the main action.  In both cases the allegations in the petitions and the relief demanded were intended to operate as an equitable attachment of the real estate sought to be appropriated.  The decision in the McLean case proceeds on the principle that the heir at law or devisee is personally liable for the debts of the ancestor to the value of the property received by him.  See, also, *Rohrbaugh v. Hamblin*, 57 Kan. 393, 46 Pac. 705.

Counsel for defendants in error lays stress on the statutory provision that permits stockholders to be charged by motion, or that permits the plaintiff in the execution to proceed by action to charge the stockholders with the amount of his judgment.  (Gen. Stat. 1899, §1192; Gen. Stat. 1897, ch. 66, §50.)  The relation between a stockholder and the corporation is contractual.  (*Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331.)  If, in the present case, the creditor had held the note of Ives, the stockholder, for the amount of his statutory liability, and had brought an action thereon to subject this land to its payment, his right to recover would have been sustained, under the authority of *McLean v. Webster*, supra.  The obligation is as much contractual in its nature in this as in the supposed case.  There was no person interested in the estate of Willard Ives, deceased, except Lucina M. Ives, his widow, to whom this land descended.  There was nothing more to be done by her as executrix in the way of administering the trust.  All the debts and legacies were paid and she retained the bare title of executrix, with nothing further to administer on.  Had this corporation been a going concern, dividends earned on its stock could safely have been paid to her as an individual, free from all liability of the corporation to a subsequently-appointed executor.

26—62 KAN.

(*Vail v. Anderson*, 61 Minn. 552, 64 N. W. 47.) At the time this action was tried below, Mrs. Ives, in her representative capacity, was a mere trustee, nominally for creditors and legatees, but in fact for herself alone. She was the sole beneficiary.

In the case of *Railway Co. v. Mills*, 57 Kan. 687, 47 Pac. 834, a widow, appointed administratrix of the estate of her dead husband in Missouri, in such capacity brought suit in our courts against a railway company for wrongfully causing her husband's death, which occurred in this state. Under the statutes of Missouri, recovery in such actions is limited to the wife of the deceased, where such relation exists. There being an allegation in the petition that she was the widow, it was held that the right of action was not limited to her in her representative capacity, but that she could recover in her character as widow.

As before stated, the heir at law inheriting property is chargeable with the debts of the ancestor to the value of the property received. Under this rule, Mrs. Ives, being the sole heir under our law, can be held liable as an individual up to the value of the property. It is not necessary that the liability be fixed by a judgment against the representative of the dead stockholder in such case. The present action assimilates itself to that of a proceeding *in rem*. In no event can the inheritor be compelled to pay more than the value of the property. We can see no good reason for requiring the executrix of the deceased stockholder to be made a party, inasmuch as the relief sought is against the heir alone, by reason of her heirship, for an amount measured by the worth of what she inherited from the stockholder. We think judgment should have been entered against Mrs. Ives in the court below. It follows from what has been said that

the land, having been attached at the commencement of the action as the property of Lucina M. Ives, and she being liable to the extent stated for the debt of the decedent, the court did not err in overruling the motion to dissolve the attachment.

Counsel for defendants in error urges that the plaintiff below ought not to be allowed to proceed against real estate in Kansas because there was personal property in the hands of the executrix in New York which should have been first exhausted.   We cannot concur with him in this contention.   In Woerner on American Law of Administration, 2d ed., section 158, it is said :

"But the administration in each state is wholly independent, whether in the hands of the same or of different executors or administrators, in no wise impaired, abridged or affected by a previous and, *a fortiori*, by a subsequent, grant of administration in another state."

· In the case of *Rosenthal, Adm'r, etc., v. Renick et al.,* 44 Ill. 203, it was held that a citizen of another state, where the administration had been granted, might come to the state of Illinois and cause administration to be taken out there, a claim to be allowed, and real estate sold for its payment, and that it was not necessary to show that the personal estate in the other state had been exhausted.   So in *Lawrence's Appeal from Probate,* 49 Conn. 411, a part of the syllabus reads :

"*Held,* to be no objection to an order for the sale of real estate here to pay debts, that there was personal property in the state of principal administration sufficient for their payment.   And that a court of probate had no right, as a matter of discretion, to refuse to order a sale of real estate here, in view of the personal property there."

The claim that the liability must be enforced by a receiver of the insolvent corporation, as provided by sections 14 and 15 of chapter 10 of the Laws of 1898 (Gen. Stat. 1899, §§ 1260, 1274), has been decided against the contention of defendants in error in the case of *Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331.

The judgment of the court below will be reversed, with directions to the district court to proceed further in accordance with this opinion.

DOSTER, C. J., concurring.

JOHNSTON, J. (dissenting) : I am unable to concur in the judgment of reversal. The plaintiff was seeking to establish a stockholder's liability without having the stockholder in court to answer, or against whom a judgment might be rendered. The liability to which a stockholder is subjected is rigorous enough without adjudging such liability against him when he is not a party to the proceeding. The legal title to the stock upon which a liability was sought to be established was in the executrix, and not in the heir. The statute in terms authorizes the corporation creditor to proceed against the stockholder, and against no one else. It has been held that the stockholder's liability, being unequal, limited, and several, each stockholder must be sued separately (*Abbey v. Dry Goods Co.*, 44 Kan. 415, 24 Pac. 426), and instead of overlooking such serious departures from statutory methods, the general rule is, from which we think there is no dissent, "that if a statute prescribes a special mode of enforcing the·individual liability of the stockholders of corporations, that mode, and that alone, can be pursued. The liability can be enforced in no other way." (*Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331.) The necessity of the presence of the stock-

'holder is sharply presented, because the plaintiff, having the executrix in court, voluntarily dismissed her from the proceedings and immediately asked the court to adjudge a liability on the stock which she held in the capacity of executrix and in no other. The estate of Ives was unsettled, and the debt, or at least this claim against Ives as stockholder, was unpaid. While inherited property may be chargeable with the debts of an ancestor, the claim in question is not a liability against the heir or any one else until it is established against the stockholder as the statute prescribes. The stockholder not being in court, I think the district court ruled correctly in giving judgment against the plaintiff.