## CHITTY v. GILLETT *et al.*

No. 4307.   Opinion Filed April 27, 1915.

Rehearing Denied June 1, 1915.

(148 Pac. 1048.)

1.   DESCENT AND DISTRIBUTION—Claim Against Estate—Enforcement Against Heirs—Jurisdiction of District Court. Where a claim against the estate of a deceased person does not accrue or become enforceable until after the administration of the estate has been closed, and all the property has been distributed and passed into the hands of the heirs, its collection may be enforced by a direct action, in the district court, against the heirs of the deceased, and they may be held liable in such an action to the extent of the assets received by them from the estate. And a demurrer to the jurisdiction of the district court in such an action should be overruled.

2.   EVIDENCE—Judgment—Action on Judgment—Petition—Sufficiency Against Demurrer. Where a suit is brought upon a judgment obtained in a court of record against the estate of a deceased person, it will be presumed that such judgment was legal-

ly obtained and a demurrer to the petition on the ground that it fails to show that the claim upon which the judgment was based was filed with the administrator before the suit was commenced and in due time, should be overruled. These are matters that might be properly urged by demurrer in the original action, but cannot be raised by demurrer in a suit upon the judgment. In such an action the petition declares upon the judgment, and not upon the claim upon which the judgment was obtained.

3.  JUDGMENT—Action on Judgment—Petition—Sufficiency. In a suit on a judgment a demurrer to the petition, on the ground that it does not allege that the judgment is final and not appealed from, is not well taken, where the petition does allege facts that show the judgment to be valid, subsisting and in full force.

(Syllabus by Brett, C.)

*Error from District Court, McClain County;*

*R. McMillan, Judge.*

Action by M. A. Chitty against Mary P. Gillett and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Thompson & Patterson,* for plaintiff in error.

*J. W. Hocker,* for defendants in error.

BRETT, C. This is a suit by M. A. Chitty, the plaintiff in error, against the defendants in error, Mary P. Gillett *et al.,* heirs of J. W. Gillett, deceased, to recover on a judgment of $3,075, with interest and costs, which was obtained by plaintiff in error on the 29th day of October, 1909, against the American Trust Company, Mary P. Gillett, administratrix of the estate of J. W. Gillett, deceased, F. P. Kibbey and R. C. Hess.

The petition alleges that on the 29th day of October, 1909, the plaintiff in error obtained judgment for $3,075 in the district court of Garvin county, Okla., against the American Trust Company, Mary P. Gillett, administratrix of the estate of J. W. Gillett,

deceased, F. B. Kibbey, and R. C. Hess, and attaches a copy of said judgment to his petition as part thereof. It further alleges that at the time of the institution of the suit in which said judgment was obtained J. W. Gillett was dead, and the defendant in error, Mary P. Gillett, was the qualified and acting administratrix of his estate, and that the cause of action was based upon a claim against the estate of J. W. Gillett, deceased, and Mary P. Gillett, administratrix, was a party to said action; that while said suit was pending and before judgment was obtained, Mary P. Gillett, administratrix of the estate of J. W. Gillett, deceased, filed her final account as such administratrix, had same allowed, and the estate partitioned, and the administration closed. That under the partition and settlement of the estate, the pending suit was not taken into consideration and no provision was made for the settlement of the judgment which was subsequently obtained, but the entire estate of J. W. Gillett, deceased, was surrendered and delivered by Mary P. Gillett, as administratrix, to herself and the other defendants in error as heirs of J. W. Gillett, deceased, for distribution.

That defendant in error Mary P. Gillett, received as widow of deceased the sum of $12,794.72. Defendant in error Josephine Gillett, as an heir $7,765; Mary Gillett, $7,765; and Margaret Gillett, $7,765.

Plaintiff in error further alleges that the American Trust Company, since the rendition of said judgment, has become insolvent and has no assets which can be reached to satisfy said judgment. That F. P. Kibbey is a nonresident, and has no property in the state subject to execution. That R. C. Hess is insolvent, and has no property subject to execution out of which said judgment can be satisfied. That no part of said judgment has been paid and that there is now due thereon the sum of $3,075 with interest from February 15, 1907, at the rate of 6 per cent. per annum.

That by reason of the preimses plaintiff in error is unable to collect said debt against the estate of J. W. Gillett, deceased. That

the defendants became liable for the full amount of said judgment, which they refuse to pay and prays for judgment against each of the defendants in error, jointly and severally, for the amount of his judgment.

The defendants in error demurred to the petition upon three specific grounds. On a hearing the demurrer was sustained. The plaintiff refused to amend, and judgment was rendered for the defendants, and from this judgment the plaintiff in error appeals to this court.

The judgment does not recite upon what particular ground or grounds the demurrer was sustained, and as defendants in error have specified three grounds upon which they attack the petition of the plaintiff in error, we will consider each of these in the order in which they are set out in the demurrer.

First. The first ground is:

"That this court has no jurisdiction to open and set aside a judgment of the county court in deciding a distribution of the estate, and no sufficient reason is assigned to justify a disturbance of said judgment."

As we understand it the petition does not seek to set aside the judgment of distribution, but seeks to recover from the heirs of the deceased the amount of the judgment which was determined by a court of competent jurisdiction to be due plaintiff from the estate of said deceased, J. W. Gillett.

The plaintiff pleads that each of the heirs, as beneficiaries, received a sum from the estate greatly in excess of the amount found to be due him by the estate. Does the fact that this estate was closed pending this litigation and that the heirs took over the entire property of the estate, both real and personal, place it beyond the jurisdiction of the district court to grant the relief prayed for by the judgment creditor, whose claim did not ripen into an enforce-

able liability before the estate was closed? This is a question which has not often been adjudicated, and where it has been adjudicated there is some conflict in the decisions, but the weight of authority is to the effect that where a claim has not accrued or become enforceable until after the administration of the estate is closed, a recovery may be had in an action against the heirs in the district court, to the extent of the assets received by them from the estate. Some of these decisions are based upon special statutes to that effect, while the reason for this rule in others is based upon statutes similar to our own.

In *Williams et al. v. Ewing & Fanning,* 31 Ark. 229, the court announces this doctrine and bases its reason upon section 68 Gantt's Digest, which reads as follows:

"Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts."

The court holding that by virtue of this statute when such lands descend to the heir, the equitable right to subject them to the payment of the debts of the deceased follows. In that case John Ewing and Talbot Fanning and John Waters, deceased, had in 1858, signed the note of Alexander Fall as sureties. In 1867 John Waters died in Arkansas, leaving a will which was duly probated. In 1872 judgment was obtained against Ewing and Fanning for $5,991.71, the balance due on said note after deducting the payments made thereon by Fall, the principal debtor, who had in the meantime died insolvent. The estate of John Waters, deceased, had been closed, and $40,000 or $50,000 worth of land and $5,000 in money had passed into the hands of one John Waters as heir at law of said estate. John Waters, deceased, had paid no part of this debt, but plaintiffs as sureties had been compelled to pay the whole amount, and they brought suit against John Waters, the heir at law of John Waters, deceased, for $1,997.14, one-third of the amount paid by them as sureties.

The court, in passing upon their right to recover against this heir of their cosurety, says:

"It is not often that we find a clearer case of equity made than the one here presented. There were three securities; one of them died without having paid any part of the security debt. It is equitable and just that the estate of the deceased security should be held responsible for the payment of his part of the security debt. The claim of plaintiffs having matured after administration closed, they do not seek to disturb its settlement, or contest with creditors for satisfaction, but ask payment out of the estate which has descended to the heir, and which is equitably bound for the payment of the ancestor's debts. * * * The administration had been closed, and the residue of the estate, consisting of land and money, passed to the heir at law of the testator; the plaintiffs, holding this debt, pursue the estate in the hands of the heir, and ask to subject it to the payment of their debt. At the common law no such right was given. Chancellor Kent, in his Commentaries, vol. 4, sec. 419, says: It is a hard and unjust rule of the common law, that lands descended or devised, were not liable for simple contract debts, and such seems to have been the opinion of the Legislatures of nearly all of the American States; most of them have passed statutes in mitigation of this rule. By our statute, section 68, Gantt's Digest, lands are made assets in the hands of an executor or administrator for the payment of debts, and, when they descend to the heir, the equitable right to subject them to the payment of debts followed. * * * The right of action to the plaintiffs was properly against the heir, for satisfaction out of the estate which passed into his hands. The heir was the only proper party defendant in the suit."

And the judgment of the lower court which gave Ewing and Fanning judgment against the heir of their cosurety was affirmed.

It seems to us that the statute, upon which this decision is based, is no stronger than our own statute, which says (Compiled Laws 1909, sec. 5299; Rev. Laws 1910, sec. 6360):

"All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and * * * child or children, shall be chargeable with the payment of the debts of the deceased."

This doctrine is reaffirmed in *Cole v. Hall*, 85 Ark. 144, 107 S. W. 175, in which the court says:

"It has been frequently held by this court that 'a creditor can proceed in equity against the heirs who received the ancestor's estate for satisfaction of his claim against such estate which has accrued after the lapse of the time limited for authenticating it against the administrator, or after the close of his administration.' *Wallace v. Swepston*, 74 Ark. 520, 527, 86 S. W. 398, 100 Am. St. Rep. 94, and cases cited; *Hall v. Cole*, 71 Ark. 601, 76 S. W. 1076; *Berton v. Anderson*, 56 Ark. 470, 20 S. W. 250."

*McLean v. Webster*, 45 Kan. 644, 26 Pac. 10, is an action against an heir to subject the property inherited by him from his father to the payment of an obligation of his deceased ancestor, and the defendant contends in that case that the statutes of Kansas provide a full and complete remedy in the probate court for the collection of all claims against the estate of deceased persons, and that therefore the probate court is vested with exclusive jurisdiction of the subject-matter of the action, which is tantamount to the contention of the defendants in error in the case at bar. In passing upon that question Justice Valentine quotes with approval from *Shoemaker v. Brown*, 10 Kan. 390, as follows:

"The courts of chancery always had paramount jurisdiction over the estates of deceased persons, and generally had jurisdiction over all trust estates. Therefore, if the district courts of this state have full chancery powers in this respect, then they must have jurisdiction in cases of this kind. * * * The mere giving of jurisdiction to one court does not show that it must be exercised exclusively by that court. The Constitution gives to the Supreme Court original jurisdiceion in quo warranto, mandamus, and *habeas corpus* (article 3, sec. 3), and also gives to the probate courts original jurisdiction in *habeas corpus* (article 3, sec. 8); but still it has never been supposed that either of these courts had exclusive original jurisdiction in any of these matters, for the Legislature has given such jurisdiction also to the district courts. * * * We think it could not have been intended by the Legislature to limit in any respect the jurisdiction of the district courts by passing the acts conferring certain jurisdiction upon the probate courts. It was

simply intended to confer such jurisdiction upon the probate courts, and to leave the other courts to exercise just such jurisdiction and powers as the other statutes had given or should give to them."

And the relief prayed for in *McLean v. Webster, supra,* was

granted, and the property inherited by the heir held liable for the father's debt.

The Constitution of Oklahoma (article 7, sec. 12) gives the county court original jurisdiction in all probate matters, and section 13, same article, says:

"County courts shall have the general jurisdiction of a probate court."

But, does this give the county courts of this state exclusive jurisdiction of all matters that might arise out of the affairs of a deceased person? We do not think the giving of jurisdiction to one court shows that it must be exercised under all circumstances exclusively by that court.

To the same effect is *Cooper v. Ives et al.,* 62 Kan. 395, 63 Pac. 434, in which the court in the body of the opinion says: ·

"As before stated, the heir at law inheriting property is chargeable with the debts of the ancestor to the value of the property received. Under this rule, Mrs. Ives, being the sole heir under our law, can be held liable as an individual up to the value of the property. * * * In no event can the inheritor be compelled to pay more than the value of the property. We can see no good reason for requiring the executrix of the deceased stockholder to be made a party, inasmuch as the relief sought is against the heir alone, by reason of her heirship, for an amount measured by the worth of what she inherited from the stockholder. We think judgment should have been entered against Mrs. Ives in the court below."

*Rohrbaugh v. Hamblin et al.,* 57 Kan. 393, 46 Pac. 705, 57 Am. St. Rep. 334, is a case in which judgment was recovered in the district court against the heirs of a deceased ancestor for an

obligation which did not mature and become enforceable until all the assets of the estate had been converted into money and distributed to the heirs. This judgment was appealed from the district court to the Court of Appeals which reversed the district court, 3 Kan. App. 131, 42 Pac. 834. It was then appealed to the Supreme Court of Kansas, and that court reversed the judgment of the Court of Appeals, and affirmed the judgment of the district court; holding that the suit could properly be maintained in the district court "against the defendants, to compel them to refund that which in good conscience they ought not to retain."

· This doctrine is also upheld by the courts of Missouri, Minnesota, Louisiana, Georgia, and several others.

*Walker v. Deaver,* 79 Mo. 664, is a case involving the question under consideration; that is, whether a direct action may be maintained in the district court against the heirs of a decedent for his obligations, after the administration of his estate has been closed, and the assets distributed to the heirs, and that court says:

"The only funds to be reached are assets received by the heirs. Under such circumstances, and for such isolated object, why open the administration to go through the formulary of an allowance against the estate, not in the hands of the administrator, but in that of these defendants? Why have the administrator go after the heirs, and the plaintiffs after the administrator, with the accumulated costs, and the inevitable delay? As satisfaction is ultimately to come from the heirs, why should they demand the circumlocution and burden of another administration? In a case situated like this the direful results, confusions and inequalities, suggested by the learned counsel for defendant, in permitting the plaintiffs to proceed directly against the heirs, are entirely fanciful. The maxim, *'Cessante causa, cessat effectus,'* becomes in such a case a principle both of common sense and justice. *State Savings Ass'n v. Kellogg,* 52 Mo. 583."

That the plaintiff in error in the case at bar is entitled to the amount of his judgment has been determined by the courts; that the defendants in error have all the property of the estate is for the

purpose of this demurrer admitted. The administratrix could have spared the heirs or the estate further litigation by complying with section 5402, Comp. L. 1909, but this was not done.

Then, is there anything in our statutes that would deprive the district court of jurisdiction to hear and determine this action by the plaintiff in error against the heirs of this estate? We think there is not and that the demurrer in this particular is not well taken. 14 Cyc. 193; *State ex rel. Brouse v. Burnes et al.,* 129 Mo. App. 474, 107 S. W. 1094; *Hantzch v. Massolt et al.,* 61 Minn. 361, 63 N. W. 1069; *Lake Phalen Land & Improvement Co. v. Rose Lindeke et al.,* 66 Minn. 209, 68 N. W. 974; *Succession of Tribodeaux,* 38 La. Ann. 716; *Long et al. v. Mitchell,* 63 Ga. 769; *Montgomery v. Culton,* 18 Tex. 736; *Davis v. Vansands,* 45 Conn. 600, Fed. Cas. No. 3655.

Second. The second ground of the demurrer is:

"Because said petition fails to show that the claim was presented to the administratrix before rendition of the judgment relied upon, and within the time allowed by statute in such cases made and provided."

This is a suit upon a judgment, and the presumption is that the judgment was legally obtained; if it was not, the regularity and legality of the proceedings, by which it was obtained, cannot be challenged by demurrer. As to whether it was necessary to file a claim against the estate before filing suit, and whether that was done before the suit in which the judgment was obtained was filed, were matters that would properly come before the trial court in that case; but cannot now be raised by a demurrer in a suit on the judgment. We might remark, however, in passing that that question was raised in the trial of the original case which eventuated in this judgment sued upon in this case, and the district court found the issue against the estate, and its judgment was appealed from to this court and affirmed. See *American Trust Co. et al. v. Chitty et al.,* 36 Okla. 479, 129 Pac. 51.

. · 23. Cyc. 1515, states that it is not necessary to plead the contract or claim upon which the judgment was rendered, "but, on the contrary, care should be taken to declare on the judgment itself and not on the original demand." We think the demurrer should have been overruled as to this the second ground of demurrer.

Third. The third ground of demurrer is:

· "Because said petition fails to show that the judgment set forth is final and unappealed from."

Defendants in error cite, in support of this proposition, Freeman on Judgments, sec. 50, which is as follows:

· "In order that a judgment should be available as a cause of action, it is plainly necessary that it should be complete and definite in its nature, and a valid and subsisting legal obligation."

It will be noticed, however, that the authority cited does not go to the extent of the demurrer, nor have we had our attention called to any authority that does go to that extent. We think perhaps it would not be inconsistent with good pleading to allege that the judgment is final and unappealed from. Some authorities, however, hold that this would be surplusage. (*Carter v. Paige,* 80 Cal. 390, 22 Pac. 188) ; but let that be as it may, to hold that the absence of that allegation is fatal to a petition in a suit on a judgment which describes the court in which the judgment was rendered, the places where it was held, the names of the parties, the date it was rendered, that no part of it was paid, and that the amount of the judgment is now due, would be going too far. ·

23 Cyc. 1514, holds that it is not necessary to allege that the judgment has not been appealed from, but the declaration is sufficient if it shows that the judgment is in full force and unpaid, and we think this is the correct rule on that proposition, and that the petition alleges facts sufficient to bring it within this rule; and that the demurrer should have been overruled as to this ground. · *Chaquette v. Ortet,* 60 Cal. 594.

Having considered all the grounds of the demurrer and determined that none of said grounds are well taken, we think the court erred in sustaining the demurrer.

We recommend that the judgment be reversed and the cause remanded for further proceedings, consistent with this opinion.

By the Court: It is so ordered.