McCoy v. SPEARS et al.

*99 P. 2d 153.*

No. 29248. Feb. 13, 1940.

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

J. D. Carmichael, of Chickasha, and Stephen A. George and John C. Caldwell, both of Ardmore, for defendants in error.

GIBSON, J. The trial court sustained defendants' demurrer to plaintiff's evidence in an action for a money judgment, and the latter appeals.

Plaintiff, a resident of Texas, received certain vendor lien notes and mortgage on his sale in May, 1929, of certain Texas lands to buyers Ratliff and Dixon. The latter sold his half interest in the lands to W. E. Spears, who assumed payment of half the amount of the notes. Plaintiff sold the notes to one Moore, who foreclosed, with resulting deficiency, paid by plaintiff in May, 1934. W. E. Spears, a resident of Oklahoma, died in February, 1930, leaving defendants, except James W. Spears, as his heirs and beneficiaries, who in June, 1930, conveyed their inherited half interest to the said James W. Spears, who assumed payment of the notes unpaid.

The executrix of the estate of W. E. Spears, deceased, gave notice to creditors March 4, 1930. Final decree of distribution was entered by the county court of Grady county, Okla., March 4, 1931, being prior to date of judgment in the Texas foreclosure proceedings, and the executrix then discharged. October, 1934, plaintiff commenced this action against the defendant heirs and James W. Spears, seeking personal judgment for one-half the amount of the deficiency, or to the amount of the assets received by them, as against the heirs and beneficiaries, and for the entire unpaid mortgage obligation as against James W. Spears.

It was agreed between the parties that no claim against the estate of W. E. Spears, deceased, was presented at any

time by plaintiff or anyone in his behalf for the demand involved.

The demurrer of the defendant heirs and beneficiaries was sustained upon the sole ground that no claim was ever presented. The separate demurrer of James W. Spears was thereupon sustained on the ground that, inasmuch as the estate of W. E. Spears was not liable, no liability existed against that defendant.

As to the defendant heirs and beneficiaries, the sole question for determination is whether the action is barred by our nonclaim statute.

Plaintiff contends, in effect, that where a claim against the estate of a deceased person does not accrue or become enforceable until after the administration of the estate is closed, and all the property distributed and passed into the hands of the heirs, the collection of such claim may be enforced by a direct action against the heirs of the deceased, and that they may be held liable therein to the extent of the assets received by them; and that the statutes of nonclaims have no application here where the decree of distribution was entered more than two years before any knowledge on the part of or notice to either plaintiff or Moore.

Section 1233, O. S. 1931, 58 Okla. Stat. Ann. § 333, of the statute of nonclaims here applicable, is divided into two parts, the first dealing with claims arising from contract made prior to the adoption of the statute; the second part dealing with claims arising from contracts thereafter made. Timmons v. Hanna Const. Co., 176 Okla. 180, 55 P. 2d 110. The contractual obligation here arose from the assumption and agreement to pay by W. E. Spears after the statute adoption, and the second part of the section is applicable.

The second part of said section contains the provision, as does the first part, that upon the affidavit of a claimant satisfactory to the executor or administrator and to the judge of the county court that the claimant had no notice to present claim by reason of being out of the state, the claim in such cases might be presented at any time before the decree of distribution is entered.

The same section portion also provides that no balance of a debt secured by mortgage on a decedent's estate remaining unpaid after foreclosure shall be a claim against the estate, unless such claim was presented as required by the Code.

Upon his assumption and agreement to pay, W. E. Spears became the primary debtor as between himself and his grantor. The obligation of Spears at all times subsequent to that assumption was clear and direct. Plaintiff as original creditor of W. E. Spears had the right to file his claim against the latter's estate within the proper period, for the full amount of the obligation assumed by Spears, though prior to the death of Spears plaintiff may not have had the right to maintain an action on the contract as not due. The failure to so file within the four-month notice to creditors period, or thereafter within the time as extended by reason of claimant being out of the state, as hereinafter discussed, barred the claim forever. Timmons v. Hanna Const. Co., supra.

Plaintiff cites Chitty v. Gillett, 46 Okla. 724, 148 P. 1048; Cooper v. Ives, 62 Kan. 395, 63 P. 434; Harmon v. Nofire, 131 Okla. 1, 267 P. 650, and Harmon v. Hines, 160 Okla. 120, 16 P. 2d 94, but after our examination of these cases we find them inapplicable to the situation here presented.

In neither Fluke v. Douglas, 158 Okla. 300, 13 P. 2d 210, nor Timmons v. Hanna Const. Co., supra, was the question presented of the claimant being out of the state, it merely appearing in both these cases that no claim was presented within the four-months period. In Squire v. Stephenson, 183 Okla. 132, 81 P. 2d 668, where the claim of a nonresident was involved, the holder of the claim had notice of both the death of the debtor and of the existence of probate proceedings.

Whether the statute of nonclaims is applicable is determined by the nature of plaintiff's demand, and not upon whether plaintiff was absent or not from the state,

or whether he had knowledge of the death of W. E. Spears. Had plaintiff been present in Oklahoma, his claim would have been barred for failure to present claim within the four-months notice to creditors period.

The section does not admit of the construction that the Legislature intended to relieve an out-of-state claimant from those provisions, on the ground that such claimant had no actual knowledge of the debtor's death. It is intended to relieve such claimant, who shows himself without notice, to the extent of allowing the presentation, after four months, at any time before a distribution decree is entered. Should presentation be not had within such extended time, the claim is barred forever, even though the claimant out of the state had no notice or knowledge of the death of the debtor, or of administration on the debtor's estate. In the instant case no claim was presented at any time.

The defendant heirs and beneficiaries did not assume the claimed obligation. Liability is sought to be fixed upon them by reason of property received by them from their ancestor. The instant claim was not established as required and is wholly barred against the ancestor's estate, and the distributive shares received by the defendant heirs and beneficiaries cannot be now charged with such claim. McCoy v. Spears, 186 Okla. 33, 95 P. 2d 865. The demurrer of the defendant heirs and beneficiaries was properly sustained.

James W. Spears assumed payment of the notes then unpaid, including the portion thereof previously assumed by W. E. Spears. Since there was no liability against the estate of W. E. Spears, as herein determined, and since the heirs of W. E. Spears, grantors of James W. Spears, were not personally liable on said notes, James W. Spears is not liable to the plaintiff mortgagee, under the rule expressed in McCoy v. Spears, supra. Under the same authority, that defendant is not liable for the remaining portion of the obligation first assumed by Ratliff, the cograntee with Dixon. The separate demurrer of James W. Spears was also properly sustained.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.